Hitchcock, J.'
Two questions- are presented, iii this case, for the consideration of the Court; first, whether, a Court of Equity, acting within i.ts ordinary powers, can compel the legal owner of land, to bonvey the same to a'purchaser', a't tax sale, the owner; at the time of .the sale, having no other than an' equitable interest, but,haying, subsequent to the' sálej acquiréd' the legal title; and- second, -if the Court has-such power, is the *369 case made in the complainant’s bill such as to justify the exercise'of it? .
Here it may be proper to remark, that questions of this nature can scarcely arise, except where, at 'the time of sale', legal title is, as it whs in this case, in the United States. Where, at the time of sale, the legal title is in an individual, that title passés; and it, is not. material that ¿he land was ' taxed in the Wrong name, or even as belonging to unknown owners. In such case, the .proceeding being regular, the title passes; and there is nothing unjust in this. It is' the duty of the.- owner of land to see that it is properly listed, and it is, also His duty to pay the taxes. If he'neglect this duty, the State cannot'be deprived of its lien .upon the land, nor can the'purchaser at the’ tax sale bé deprived of his right by a mistake on the part of the officers of,the government, as to the namé-of the person, to whom the tax is charged. But where’ the legal title is in the United States, it'has. been held that such, title does not pass. It was-so decided in the case of. Stuart’s Lessee v. Parrish, 6 Ohio Rep. 204; and in the case of Niswanger v. Gwynne, 13 Ohio Rep. 79;
Counsel for defendant insist, that the title acquired by a-tax-purchaser impurely legal; .and unless a-legal 'title is-acquired by ' the 'purchase,-nothing is.-acquiredl 'I am aware that it is generally understood - that the.-interest acquired by purchasers’,- ,at: sheriffs’ as well aslax sales, is purely legal,-.and that such' purf ; chasers cannot be-aided-by a Court of Chancery. But if'there • is' áriy -thing in -qur 'peculiar .system...which requires of us. -to adopt'a different rule, we . ought'not t'o'hesitate in adopting it;.''■ All lands in the State' are subject to taxation as a general rule, except such as’áre owned by the United States; and the lands, the legal title to which is in the’United States, may be taxed5 when they become in equity the property Of, individuals. • Lands -.commonly called: .Congress.1 lands, ‘could n-dt.'.bq.-’táxed' until- five 'years .after; they- had been, sold ';• but'’.wheff.súeh,Íahd¡s'.' were’sold on credit, the "State- wa's/not-bound.''to''wait five years.'from' the tinie the patent- .issued,-but .only.five' years' ffomy'the' *370 time the lands were appropriated by entry in the register’s office. The title to the lands in the Virginia Military District was in the United States, but were held in trust for those for whose benefit they were appropriated. These lands have always been held to be subject to taxation from, the time of their appropriation, by entry. The right thus to tax them has never been questioned by the United States. They have been taxed and sold under such circumstances, but upon ;the hypothesis of defendant’s counsel the purchaser acquires nothing. This Court, however, has held otherwise. In the case of Stuart v. Parrish, the Court do not say, it is true, in express words, that the purchaser acquires an equitable title, but they do say that he acquires nothing more than an equity. But in the case of Wallace v. Seymour Renick, 7 Ohio Rep. 156, it is expressly decided, that by a sale of land for taxes in the Virginia Military District, surveyed but not patented, the whole interest passes to the purchaser, and no right remains in the original holder. We believe this to be a sound principle; one which it is necessary to sustain and carry out. And we have no doubt that, under such circumstances, upon proof being made 'at the proper department, a patent would be issued to the tax purchaser. It ought to be done, and,we believe it would be done. In the Same case, the Court further decide, that if such former holder, to defeat the sale for taxes, is permitted to withdraw tlie entry'and survey, and make a new one, upon which he obtains a patent, although such patent is not void, yet the patentee holds the title subject to the rights that may have been acquired by the purchaser for taxes.
To apply this principle to the case under consideration. The land in controversy had been entered in 1811, and surveyed in 1816, in the name of David Ross, in trust for himself and others. It was entered upon the duplicate for taxation, in the year 1811, by a pertinent description; but the taxes were not paid. In December, 1829, the taxes having remained unpaid for eighteen years, the land Was sold. If this sale was regular, then all the interest of Ross, the former holder, was *371 vested in Starling the purchaser; and if, after the sale, a patent had been issued to Ross, he would have taken it subject to the rights of Starling, in trust for him. Niswanger having obtained an assignment from Ross after the sale, and having taken out a patent in his own name, takes the naked legal title in trust for the purchaser at tax sale. He stands in a similar relation to the purchaser for taxes, as does the patentee under a prior entry to him who has the older entry and survey. He is a there trustee, and a court of equity may, with propriety, compel him as a trustee to convey to the cestui que trust. It was upon this principle that the Court, in the case of Niswanger v. Gwynne, decided that the remedy of the defendant 'Gwynne, if the proceedings in the tax sale Were regular, was in Chancery.
The next question is, whether the case made in the bill is such as to show that the proceedings at the tax sale were regular. We have carefully compared the statements in the bill with the requisitions of the statute, and have no'hesitation in saying, that if the statements of the bill are true, and they are admitted by the.demurrer, the complainant is entitled to relief, The demurrer is, therefore, overruled. But if the defendant would contest the facts stated, he can have leave to answer,