Nash, J.
The evidence shows that the parties who had the best opportunity of knowing the physical condition of Sarah Cox and the probable duration of her life, considered her life interest, in one third of the fifteen and one-half acres of land apportioned to Anna Cox, to be of the value of eight hundred dollars. This interest Ann Cox bought and gave to her mother therefor a note and mortgage, which provided two modes of payment, namely: Eight hundred dollars on the 1st day of September, 1867, or twenty dollars on each 1st day of September and March until the death of Sarah Cox. The plaintiffs in error claim that the stipulation to pay $800 is in the nature of a penalty, and admit that there was no error in the proceedings of the courts below if this stipulation is not so considered.
The question here presented is difficult of solution. Where, in case of a failure to pay a sum which is the actual debt, it is stipulated that a larger sum, which is not the actual debt, shall be paid, such larger sum will be regarded as a. penalty. The case of Longworth's Executors v. Askren et al., 15 Ohio St., 370, seems to have been determined upon this principle. In that case the court found that the smaller and not the larger sum was the principal debt, and therefore held that the larger sum was in the nature of a penalty.
In the case before us we conclude from all the facts that ' the sum of $800 was the price agreed to be paid to Sarah Cox for her dower interest in Ann’s land and was the principal debt. To this state of facts another principle *543 applies and is decisive. When the larger sum is the actual debt, and a smaller sum has been agreed upon as a release if. paid under stated conditions, the neglect to comply with the easier terms gives the creditor the right to compel the payment of the larger sum. 1 Sutherland on Damages, 499.
There is another important consideration in this case. The amount to be paid in installments was not a fixed sum, but was uncertain and conjectural. No data are apparent from which the actual damages to Sarah Cox can be calculated in case of a failure to pay the semi-annual installments. Under these circumstances the stipulated sum will be regarded as liquidated damages, unless facts appear which would make it inequitable to pursue this course. Berrikott v. Traphagen, 39 Wis., 219; Bagley v. Peddie et al., 5 Sandf., 192; Coal Co. v. Schultz et al., 71 Pa. St., 181; Jacquith v. Hudson, 5 Mich., 123.
To compel Mrs. Cox to resort to a suit at law whenever there is a default in the payment of the $20 would be inequitable, and this would be the only practicable remedy in case the eight hundred dollars should be treated as in the nature of a penalty.

Judgment affirmed.