## THE GOODYEAR SHOE MACHINERY COMPANY

*v.*

## SELZ, SCHWAB & CO.

*Filed at Ottawa October 29, 1894—Rehearing denied October 8, 1895.*

1. PENALTY—*construction of contract to determine whether sum named is a penalty.* Where a large sum, which is not the actual debt, is agreed to be paid in default of a lesser sum, which is the actual debt, such larger sum is always a penalty.

2. Where the larger sum is the actual debt and a smaller sum is agreed upon as a release if paid under stated conditions, failure to pay the smaller sum entitles the creditor to claim the larger.

3. SAME—*whether sum named as rental in lease of patented machines is a penalty.* A contract for a monthly rental for certain patented machines, to be computed upon each month's manufacture with the machines, "to be due and payable on the first day of the month next following, and to be paid within one month from that day,"

with a provision that "if the rents due on the first day of any month shall be paid on or before the fifteenth day of that month" the lessor "will grant a discount of fifty per cent," is satisfied by the payment, *after* the fifteenth of a given month, of such computed sum, less the fifty per cent called discount.

4. Same—*when the lesser sum named is the debt and the larger a penalty.* In such case the sum to be computed, less the discount, is the actual debt, and the so-called discount is, in fact, a penalty, and therefore not recoverable.

5. Pleading—*when question as to penalty is raised by demurrer to declaration.* In such case, where the contract is set out *in hœc verba,* and the declaration shows payment of the smaller sum which is the actual debt, though after the date named for the discount, the question of the extent of the liability is raised and may be decided on demurrer to the declaration, without other pleading or proof.

*Goodyear Shoe Machinery Co.* v. *Selz, Schwab & Co.* 51 Ill. App. 390, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

Defrees, Brace & Ritter, for appellant:

It is not necessary to the validity of a contract that the consideration and the thing promised should be of equal or even approximate value. 1 Parsons on Contracts, book 2, chap. 1, sec. 3; Chitty on Contracts, (10th Am. ed.) 28; *Forbes* v. *Williams,* 13 Ill. App. 280.

Where the creditor offers to accept a less sum than the debt in satisfaction thereof if paid within a certain time short of the contract time, the creditor can avail himself of the benefit of the offer only by a compliance with its terms. *Harding* v. *Coal Co.* 84 Ill. 251.

A penalty arises without the moving of any additional consideration, and is a loss, pure and simple, to the party upon whom it is imposed. The question whether it be a penalty or not is not to be determined merely by the amount which the promisor has to pay. If it be a penalty, it is an additional amount exacted for the failure to perform, and not something granted upon an independ-

ent consideration.    *Jordan* v. *Lewis*, 2 Stuart, 426; *Carter* v. *Corley*, 23 Ala. 612; *Berrincott* v. *Traphagen*, 39 Wis. 219; *Waggoner* v. *Cox*, 40 Ohio St. 539; *Lowe* v. *Peers*, 4 Barr, 2225; *Astley* v. *Welden*, 2 Bosan. 346; Sedgwick on Damages, 492, 635; *Davis* v. *Thomas*, 1 R. & M. Ch. 506; *Ex parte Bennett*, 2 Atk. 526; *Jones* v. *White*, 11 Irish L. R. 400; *Pearsons* v. *Williams*, 24 Wend. 244; 26 id. 630; *Smith* v. *Bergensen*, 153 Mass. 236.

MORAN, KRAUS & MAYER, for appellee:

Where a contract provides a penalty for default in the performance of a condition, if the condition be performed, even though after default, no action will thereafter lie to recover the penalty.    Sedgwick on Damages, (6th ed.) 484-486; Sutherland on Damages, 677.

If the clause fixing the amount of the damages appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty, and no more than actual damages proved can be recovered.    Sedgwick on Damages, 492; *Scofield* v. *Tompkins*, 95 Ill. 190.

In an action upon such a contract the rule is (where no payment has been made) that the plaintiff recovers the least valuable alternative, with compensation for the delay.    Sedgwick on Damages, (8th ed.) sec. 421.

It is a rule of construction that where a large sum is stipulated to be paid on the non-payment of a less sum, made payable by the same instrument, the former is, *prima facie*, a penalty.    Sutherland on Damages, (ed. of 1893,) sec. 188; *Tiernan* v. *Hinman*, 16 Ill. 400.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellant leased to appellee certain machines, upon which it held letters patent, for sewing shoes and boots. The third paragraph of the lease is as follows:

"*Third*—The following is the schedule of rents and royalties hereinafter referred to, and which it is understood

and agreed is to be paid on each pair of shoes or boots, respectively, made by the aid of these machines or any of them, or by the use of the said patents or any of them, viz."—Then follows a schedule of rates for different kinds of shoes, varying from two to eight cents per pair.

By the fourth paragraph the lessee agreed to keep a daily account of the number and kinds of pairs each month made, and render a statement of the same to the lessor on or before the tenth of the month following. The fifth paragraph is in the following language:

"*Fifth*—The lessee agrees to pay unto the lessor, as rent for the machines hereby leased and as royalty for the use of the patents hereby licensed, the rent or royalty specified in the schedule forming part of the third section herein, on each pair of boots or shoes of the respective kinds mentioned or described in said schedule, made by the aid of said machines or any one of them, or by the use of the said patents or any of them, the rents and royalties for such boots and shoes made, as aforesaid, during one calendar month to be due and payable on the first day of the calendar month next following, and to be paid within one month from that day; but the lessor hereby agrees that if the rents and royalties due on the first day of any month shall be paid on or before the fifteenth day of that month, it will, in consideration thereof, grant a discount of fifty per cent from the rents and royalties specified in the schedule aforesaid; and the lessee further agrees to pay, while it shall retain possession of the machines hereby leased, all taxes thereon, to whomsoever laid or assessed."

The contract denied lessee the right to sell the machines, and provided that the lease should continue until the expiration of the letters patent, and the lessee should then have the right to purchase the machines for the sum of one dollar.

Appellant brought this action in assumpsit against appellee in the circuit court of Cook county, setting up

in the several counts of the declaration the foregoing terms and provisions of the lease, and averring that during the month of September, 1891, the defendant manufactured, by the aid of the leased machines, certain numbers and kinds of shoes, which, according to the schedule prices, amounted to the sum of $1198.53, "which was payable by the defendant on the 31st day of October, in the year aforesaid, with the privilege to the defendant of paying the same on or before the 15th day of October, in the year aforesaid, and thereby become entitled to said discount of fifty per cent upon the amount of said indebtedness," and concluding as follows: "And the plaintiff says that afterwards, to-wit, on the day and year last aforesaid, the defendant, in consideration of its liability aforesaid, then and there promised and faithfully undertook to pay to the plaintiff the said sum of $1198.53 when it should be afterwards thereunto requested, but the defendant did not, on or before the 15th day of October, in the year aforesaid, pay the said sum of money, or any part thereof, to the plaintiff, but neglected and refused so to do for a long space of time thereafter, to-wit, until the 24th day of November, in the year 1891, at and upon which said last mentioned date the defendant paid to the plaintiff the sum of $599.27 and no more, and from thence hitherto the defendant has, at all times, wholly neglected and refused, and still neglects and refuses, to pay the balance of said sum of money, or any part thereof, although often requested so to do, whereby," etc. The lease was attached to and made part of the declaration.

The circuit court sustained a general demurrer to the declaration and each count thereof, and gave judgment for the defendant for costs. That judgment being affirmed by the Appellate Court, this appeal is prosecuted.

Appellant's construction of the instrument sued on, applied to the facts alleged in the declaration, is, that on the first day of October, 1891, the defendant owed and was liable to pay the plaintiff $1198.53, (the full schedule

rates named in paragraph 3,) payable on the first day of November, with the provision that if the defendant chose to pay in advance, any time between October 1 and 15, it should be allowed to discharge the debt by paying one-half of it.   Appellee insists that the debt on October 1 was $599.27,—fifty per cent of the schedule rate,—the other fifty per cent being by way of damages if payment of the sum actually due was not made on or before October 15.

The following propositions seem to be sustained by the authorities: "Where a large sum, which is not the actual debt, is agreed to be paid in case of a default in the payment of a lesser sum which is the actual debt, such larger sum is always a penalty.   But the rule is otherwise where a less sum is to be taken for a greater if paid at a certain time." (5 Am. & Eng. Ency. of Law, 26.) "Where the larger sum mentioned is the actual debt, and a smaller sum has been agreed upon as a release if paid under stated conditions, the failure to comply with the easier terms gives the creditor the right to enforce payment of the larger sum."   In doubtful cases courts are inclined to treat the stipulation as a penalty.   (Ibid. 27.)

The controlling question in the case then is, what did the parties intend should be the actual rental for the machines—which sum was to be the actual debt?   Manifestly, the draftsman of the lease intended it to be susceptible of the construction placed upon it by appellant, but it by no means follows that the parties who executed it so understood it or should be bound by that construction.   We cannot construe the fifth paragraph as providing for a discount for prepayment of the debt. That a discount of fifty per cent should be made on the debt for a prepayment of but fifteen days is contrary to all business experience, and most unreasonable.   The rent accruing for one month became due and payable on the first day of the calendar month following.   Certainly the parties did not intend that there should be then *due and*

*payable* more than fifty per cent of the schedule rate. Only that amount was payable at any time between the first and fifteenth of the month. It is to be presumed that it was the intention of the parties to secure to the lessor the payment of reasonable compensation for the use of its machines, and no more. That compensation could not be one dollar if paid on the fifteenth, but double that amount if paid the next day. Therefore, to hold that it was intended, in a case like this, that the rent should be $599.27 one day and $1198.53 the next, except as an inducement to prompt payment of the lesser sum, is unreasonable.

Our conclusion is, that the fifth clause of the instrument should be construed as requiring the payment of fifty per cent of the rent or royalty specified in the schedule for all boots and shoes made during one month, to be due and payable on the first day of the next, and if not paid on or before the fifteenth of that month the whole amount of the schedule rates to become payable. In other words, by the terms of the contract, properly construed, the actual debt was the $599.27, and the agreement to pay double the amount is in the nature of a penalty to insure the prompt payment of the sum actually agreed to be paid. *Longworth* v. *Askran*, 15 Ohio St. 370, is an authority sustaining this construction of the lease.

This court said in *Scofield* v. *Tompkins*, 95 Ill. 190: "The fact that the parties fix a sum to be paid and call it liquidated damages does not always control the question as to the measure of the recovery for the breach of the contract. Courts will look to see the nature and purpose of fixing the amount of damages to be paid, and if the clause fixing the amount of the damages appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered." In *Poppers* v. *Meagher*, 148 Ill. 192, it is again said: "First, where, by the terms of a contract, a greater sum of money is to be

paid upon default in the payment of a lesser sum at a given time, the provision for the payment of the greater sum will be held a penalty.  Second, where, by the terms of a contract, the damages are not difficult of ascertainment according to the terms of the contract, and the stipulated damages are unconscionable, the stipulated damages will be regarded as a penalty."  See, also, Sedgwick on Damages, 421; Sutherland on Damages, 478; *Jacquith* v. *Hudson*, 5 Mich. 123; *Davis* v. *Freeman*, 10 id. 188; *Mason* v. *Callender*, 2 Minn. 350.

Where, by an instrument in writing, the maker promised to pay "$1000, with interest yearly till paid, and payable as follows: in two, three, four, five, six, seven, eight, nine and ten years, in equal installments, with interest as aforesaid, being the contract price of a lot, but if each and every payment is made punctually as due, or before due, or within ten days after each is due, as an inducement to punctuality $200 of the amount will be released and $800 and its yearly interest accepted in full payment, but not otherwise," it was held that the real debt was $800 and interest, and when that had been paid no action could be maintained to recover the remaining $200.  *Longworth* v. *Askran, supra.*

It is urged on behalf of appellant that the defense claimed cannot be raised on demurrer.  The conclusion we reach follows from the construction given the contract, upon its face.  It is set out *in hæc verba*, as an exhibit, and by express reference made a part of the declaration as the basis of the recovery.  The demurrer raises the entire question of the construction and legal force of the contract and the extent of the liability thereunder, and, with the contract properly before the court, no plea or proof is necessary, and the questions presented may be properly raised and decided upon demurrer.

In the view we take of the case the judgment of the Appellate Court is right, and will be affirmed.

*Judgment affirmed.*