Charles C. Heisen and John A. Albert v. Peter R. Westfall.

1. PLEADINGS—*Non Damnificatus to Actions on Bond.*—Where a bond sued upon provides for a penalty or forfeiture, the plea of *non damnificatus* is proper, and will admit of the introduction under it of evidence tending to show what, if any, actual damages suffered for which the obligee is entitled to be indemnified by reason of a breach in the condition of such bond, but if the bond provides for liquidated damages *non damnificatus* is not a proper plea.

2. BONDS—*Penalties and Liquidated Damages.*—The difference between a penalty and liquidated damages is that the former is regarded as a forfeiture, from which the defaulting party can be relieved, while the latter, being the agreed damages for breach of the condition of the bond, the parties are holden to it.

3. SAME—*Whether a Penalty or Liquidated Damages.*—Whether the sum named in a bond is a penalty or liquidated damages is to be determined by the intention of the parties. Where the obligation is evidently made for the attainment of another object or purpose to which the stipulation itself is wholly collateral, the sum named will be con-

sidered a penalty; but where the damages are uncertain, and not capable of being ascertained by any satisfactory known rule, the sum mentioned will be regarded as liquidated damages.

**Debt,** on a penal bond. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 16, 1900.

PENCE, CARPENTER & HIGH, attorneys for the plaintiffs in error.

GAGE & DEMING, and SAMUEL A. FRENCH, attorneys for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Defendant in error, Peter R. Westfall, sues to recover upon a bond, the condition of which is as follows:

"Whereas, said Peter R. Westfall claims to own or hold some right, title or interest in said premises,

Now, therefore, said Albert covenants and agrees that he will remove or cause to be removed off and from the said premises, hereinbefore described, all erections, piling or improvements of all kinds that he shall hereafter erect upon said premises before or by the expiration of the term of his said lease of said premises, and will restore said premises to the same condition they were in at the date of said lease; the same to be done at his own cost and expense; that in such case this obligation shall be void and of none effect, otherwise shall remain in full force."

The trial court sustained demurrers to all the pleas filed by and in behalf of the plaintiffs in error, and the latter electing to stand on their pleas, judgment was rendered in favor of Westfall and against Heisen and Albert, in debt and damages for the full penalty named in the bond, viz., five thousand dollars.

It is said by counsel for defendant in error, Westfall, that "the only question here to be determined is as to the ruling of the court below in sustaining the demurrers to these pleas."

There are four pleas to which our consideration is espe-

cially invited. These are, first, *non damnificatus;* second, that the plaintiff has been damnified by his own wrong; third, that the property upon which the piling and buildings mentioned in the bond were erected belonged to the defendant Heisen, and that Westfall had no interest therein; fourth, that the bond was given pursuant to an order of a court of chancery to indemnify Westfall against damages in case the buildings in question were not removed, and is therefore an indemnifying bond, this last plea concluding with *non damnificatus.*

It appears from these pleas that the said Westfall, defendant in error here, filed his bill of complaint under the " Burnt Records Act " in the Circuit Court of Cook County against said Heisen and Albert, the plaintiffs in error here, with others, seeking to establish title of said Westfall to the premises described in the bond now sued on. Plaintiffs in error appeared and answered, and said Heisen filed his cross-bill in such proceeding, claiming title in himself to said premises in fee simple, and asking to have his title confirmed.

Subsequently, upon application of Westfall, an injunction was issued restraining said Heisen, and Albert as Heisen's lessee, from constructing piling and building upon said premises, which, it is said, were being erected by Albert for a bathing establishment upon said land.

Afterward the court entered in the chancery proceeding the following order:

" The cause coming on to be heard, on motion of John A. Albert, defendant, to dissolve the injunction theretofore issued herein, and the court being fully advised in the premises, doth order and decree that the said injunction be dissolved as to said Albert, upon condition that he waive all claim to damages by reason of the suing out of said writ; and on further condition that said Albert give bond, with security to be approved by the court, in the penal sum of five thousand (5,000) dollars that he will remove or cause to be removed off and from the premises described in the lease, in his answer filed and referred to, all erections, piling or improvements of all kinds that have been or may be placed thereon by him, and to restore said premises to the same

condition they were in at the date of said lease, within the term of said lease, or at his own cost and expense, and the court reserves the right to make any order necessary in the premises or to carry out this order."

It is averred that the bond sued upon in the case before us is the bond given pursuant to the foregoing order; that the suit to establish or confirm title to the land is still pending and undetermined. For our present purposes these facts must be deemed admitted by the demurrers.

It is first contended by counsel for defendant in error that the plea of *non damnificatus* is not a good plea to an action of debt on a bond conditioned that the defendant perform some particular thing, as it is claimed is the condition of the bond here. The primary and controlling question, however, is whether the bond declared upon provides for a penalty or forfeiture, or for liquidated damages. If the former, then the plea of *non damnificatus* is a proper plea, and will admit of the introduction under it of evidence tending to show what, if any, actual damage Westfall has suffered, for which he is entitled to be indemnified by reason of a breach in the condition of such penal bond.

The order of court, in pursuance of which this bond was given, provided for a bond with security in a "penal sum of five thousand dollars." It is apparent and must be presumed, at least until the contrary appears, that the parties intended, in executing said bond, to comply with the order of the court, and not to enlarge the liability they were by the court's order required to assume. The difference between a penalty and liquidated damages is that the former is regarded as a forfeiture, from which the defaulting party can be relieved; while the latter, being the agreed damages for breach of the condition of the bond, the parties are holden to it. Whether the sum named is one or the other will be determined by the intention of the parties. Where the obligation is evidently made for the attainment of another object or purpose, to which the stipulation itself is wholly collateral, the sum named will be considered a penalty merely. Where, however, the damages are uncertain, and not capable of being ascertained by any satisfactory known

rule, the sum mentioned will be regarded as liquidated damages. See Bouvier's Law Dict., title, "Liquidated Damages." In the case of Perkins v. Lyman, 11 Mass. 76 (81), it is said:

"The question whether a sum of money mentioned in an agreement shall be considered as a penalty, * * * or as damages liquidated by the parties, is always a question of construction, on which, as in other cases when a question of the meaning of the parties in a contract provable by a written instrument arises, the court may take some aid to themselves from circumstances extraneous to the writing. In order to determine upon the words used, there may be an inquiry into the subject-matter of the contract, the situation of the parties, the usages to which they may be understood to refer, as well as other facts and circumstances of their conduct; although their words are to be taken as proved by the writing exclusively."

Even though the parties fix a sum to be paid, and call it liquidated damages, that fact will not always control the measure of recovery for a breach of the contract. Courts will look to the nature and purpose of the damages to determine whether it shall be treated as a penalty. Goodyear Co. v. Selz, Schwab & Co., 157 Ill. 186 (192), and cases there cited. The question will be determined in accordance with the intention of the contracting parties, whether the sum named to secure performance will be treated as liquidated damages or as a penalty. Gobble v. Linder, 76 Ill. 157 (158).

In the case before us the object of the order dissolving the injunction was to allow Albert, as lessee of Heisen, claiming to own the land in controversy, to put in piling and construct buildings so as to make his lease of value pending the settlement of the question of title between Heisen and Westfall. The bond was required so that in case Westfall should ultimately be found owner of the premises he would be protected from damage, if any, caused by such use of the premises by Heisen's lessee. For this purpose the court required a bond in a penal sum. There is no evidence, nothing whatever, tending to show that the parties agreed among themselves, or that the court contem-

plated an award to Westfall, even though it shall ulti-
mately be found that he is not owner of the premises, of
damages to the amount of just five thousand dollars, neither
more nor less, in case the piling and buildings were not all
removed at or before the termination of the lease. The lan-
guage of the order required a bond in a penal sum to make
such removal " within the term of said lease, or at his own
cost and expense." The order seems to furnish evidence of
the intention of the court and the parties to provide generally
against damage if there should be any, which might there-
after appear to have been caused by failure to remove such
piling and buildings during the term of the lease or at
Albert's cost and expense, the court reserving the power to
compel compliance with its order. There is affirmative evi-
dence of the intention of the parties to make this a bond of
indemnity. The controversy as to the title was not ended
when the bond was given. The ownership of the premises
had not been ascertained. The bond was required to guard
against a contingency. If Westfall is eventually defeated,
and Heisen found to be the owner, it would be a singular
administration of injustice which required plaintiffs in error
to pay to Westfall five thousand dollars damages, even
though the chancery court so determined the issues as to
make it apparent he has suffered no damage at all. We
find no justification for supposing such to have been the
intention, and no reason in the case why we should so hold
as might enable defendant in error to recover five thousand
dollars to which he may have no real claim whatever.

It is said by counsel for defendant in error that in the
case at bar their client's damages for breach of the condi-
tion of the bond are not capable of being ascertained by
any satisfactory and known rule. In support of this claim
a number of things are mentioned which, it is said, might
cause damage. But the only damages to which, in any
event, defendant in error could be entitled, are such as are
caused by the breach of the condition, viz., failure to remove
the piling and buildings, and restore the premises as they
were at the date of the lease, and these are easily capable

of ascertainment in the usual way. No satisfactory reason is pointed out why there need be uncertainty in, or difficulty in ascertaining such damages. Where, by the terms of the contract, the damages are not difficult of ascertainment, and the stipulated damages are unconscionable, the stipulated damages will be regarded as a penalty. Goodyear Co. v. Selz (*supra*), p. 193.

It is apparent in this case that the damages for breach of the condition had not been the subject of calculation, agreement or adjustment when the bond was given. This is evident from the nature of the case. Indeed it is not claimed that they were. The bond itself was not given because the parties so agreed, but because the court exacted it as a condition of the use of the premises by the lessee pending the litigation over the title. It must be regarded as intended to indemnify defendant in error in case it should subsequently appear that he had been damaged by such use of the premises. It follows that the demurrers to the first and fourth of the pleas under consideration were improperly sustained.

The judgment of the Circuit Court must be reversed and the cause remanded.