Thomas B. Grey, Appellant, v. A. Stein and Company, Appellee.

Gen. No. 45,681.

Opinion filed October 22, 1952. Released for publication November 17, 1952.

DEFREES, FISKE, O'BRIEN & THOMSON, of Chicago, for appellant; L. W. ALBERTS, and VINCENT O'BRIEN, both of Chicago, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; HERBERT A. FRIEDLICH, RAYMOND J. FRIEND, and MILTON L. FISHER, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued to recover for commissions under a written contract of employment with defendant. A copy of the contract was attached to the complaint as an exhibit. Defendant's motion to dismiss the complaint was sustained, the suit dismissed, and judgment entered accordingly, from which plaintiff appeals.

The only question argued upon this appeal is whether the complaint upon its face shows that the contract contained a condition precedent with which plaintiff did not comply and was therefore not entitled to recover the compensation claimed.

The contract of employment was for the year 1948. The relevant provisions for compensation are found in the following terms:

"1. Your salary and 'Special Commission' for 1948 will be computed as follows:
 a. It is our conservative estimate that shipments for the year ending December 31,

1948, into your territory will amount to approximately $107,467.

b. Your estimated 1948 salary computed at the rate of 4% of 75% of such estimated shipments indicated above will be $3,224 and you will be entitled to receive this amount, payable $124.00 Bi-Weekly as drawings.

c. At the end of the year, this estimated salary will be adjusted upward or downward to 4% of 75% of the actual such shipments for the year and your drawings will be charged against such adjusted salary.

d. Your 1948 'Special Commission' will be computed on the last 25% of the actual such shipments for the year at the rate of 6% on Women's Goods and of 7% on Men's Goods.

 * * * *

"2. Your salary and 'Special Commission' is subject to the following provisions:

 * * * *

d. Only salesmen who are in our employ as of December 31, 1948, are eligible for the 1948 salary adjustment and 'Special Commission' arrangement. If a salesman's service with the Company is terminated before December 31, 1948, the following rules will govern.

 * * * *"

The complaint alleges that plaintiff resigned from his position October 15, 1948, and that the amount due him under the contract, after allowing to defendant credit for the amount drawn by plaintiff, was the sum of $2529.06.

Paragraph 2, subparagraph (d), of the contract is the basis for the claim made by defendant that this provision constitutes a condition precedent; that to be eligible for any Special Commission or adjustment thereof, he must work through December 31, 1948; and that because he resigned October 15, 1948, he has not performed and complied with the condition precedent.

We think the contract, though it makes reference to salary, is in essence the commission which the contract provides to be paid to plaintiff on a percentage basis. The drawings are based upon estimated shipments upon which the plaintiff would be entitled to commission. In other words, instead of withholding all of the commission until the end of the year, the plaintiff is allowed by the contract to draw bi-weekly 3% of the estimated shipments for the year 1948 or $124, to be credited against his future commissions.

██ We cannot agree that the provision in subparagraph (d), referred to, presents a condition precedent. If defendant's theory be correct, plaintiff, under the rule of law governing a condition precedent, would not be entitled to any commission. The provisions which follow subparagraph (d) clearly indicate a contrary intention of the parties. These provisions, under the headings "Retirement, Permanent Disability, Death and Dismissal," provide for compensation even if plaintiff were not in the employ of defendant on December 31, 1948. These provisions for compensation are hardly consistent with defendant's theory of condition precedent. In case of resignation before December 31, 1948, the provision is that he shall not be entitled to any salary adjustment or salary commission but entitled only to his drawings to the effective date of such resignation.

 It would be an unreasonable and strained construction to hold that the parties intended that if plaintiff resigned December 30, 1948, one day before

159

the end of the contract, he should forfeit all commissions accruing to that date. Such forfeitures are not favored in the law. *Iroquois Furnace Co. v. Wilkin Mfg. Co.,* 181 Ill. 582; *Advance Amusement Co. v. Franke,* 268 Ill. 579. Any damages which the defendant could possibly sustain under such circumstances would be wholly disproportionate to the amount which plaintiff would forfeit as commissions, and therefore the provision under the applicable law is regarded as a penalty instead of liquidated damages.

In *White v. Mandel Bros.,* 248 Ill. App. 313, the contract of employment provided:

" * * * if the employee shall leave the employ of the company before the term of his employment has terminated or is discharged for cause from the employ of the company before the term of this contract has terminated, then and in that event any commissions or bonus that might have accrued after January 1st preceding shall be and are hereby waived and released and are to be retained by the company."

The employee there was discharged December 21, 1923, for alleged cause. This discharge occurred after plaintiff had given his 60 days' notice of termination, as provided in the contract. His claim was for commission up to the time of his discharge. The defendant contended, as in the instant case, that the contract provided a condition precedent, and barred recovery of any commission for the year in which he was discharged. The amount shown to have accrued up to the time of discharge was approximately $12,000. In disposing of defendant's contention, this court said (p. 320):

"If we follow the letter of the agreement here plaintiff would forfeit over $12,000, a sum seemingly disproportionate to any probable damages defendant may have sustained from the loss of his services for a

160

period of ten days. Neither in reason nor in conscience can it be said that the parties contemplated or intended any such result. Suppose plaintiff had been discharged on the last day of the year, would it be deemed otherwise than unreasonable and oppressive exaction to require the forfeiture of his entire commission earnings for the whole year? Can it be deemed any less so that his contract had only ten more days to run?''

The conclusion in the case cited is amply supported by the reasoning in *Goodyear Shoe Machinery Co. v. Selz, Schwab & Co.,* 157 Ill. 186.

We think the court erred in holding that the complaint fails to state a cause of action. The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

LEWE, P. J. and KILEY, J., concur.