# GEORGE W. BROWN
## v.
# THE GALESBURG PRESSED BRICK AND TILE COMPANY.

*Practice—Stipulation to Submit Cause to Particular Judge—Right of
Appeal—Finding of Court—Weight of—Practice—Admission of Evidence.*

1.   An appeal will lie to this court from a judgment entered in an action
of case for alleged negligence, where it is stipulated that a jury be waived,
that proof of negligence be waived, that the case be submitted to a partic-
ular judge, and that when he shall have determined the compensatory dam-
ages, judgment shall be entered for one-half the amount so found.

2.   The same consideration is due to the finding of the court, in a trial
without a jury, upon a question of fact, as to the verdict of a jury, and that
finding will not be set aside unless manifestly against the weight of the
evidence.

3.   This court, on appeal from a judgment entered on trial by the court,
will not consider the question of the admission of improper evidence, but
no propositions of law having been submitted to the court, will presume
that the court below determined the issues upon competent evidence.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Knox County; the Hon.
ARTHUR A. SMITH, Judge, presiding.

Mr. M. J. DOUGHERTY, for appellant.

Mr. J. A. MCKENZIE, for appellee.

LACEY, J.   This was a suit brought by appellee against
appellant in an action on the case to recover damages accru-
ing to the former by means of the breaking of the appellant's
dam and the carrying off wood and coal by water and filling
coal shaft, destroying brick, kiln and machinery, etc., which
it alleged was occasioned by the carelessness of appellant in
not using the proper skill in constructing the dam.

The appellant pleaded the general issue and it was stipu-
lated to waive a jury and try the case before the court, the

Brown v. Galesburg Pressed Brick & Tile Co.

Hon. A. A. Smith, Judge, presiding; and appellant waived the proof of negligence on part of appellee, that is, it was admitted, and it was further stipulated, that when the judge sitting as said court should have determined such damages, which should be actual or compensatory only, judgment then should be rendered for the appellee and against appellant for the one-half of the amount of such damages established by the evidence and found by the court. The nature of the stipulation was kept from the knowledge of the judge until after the trial and the finding by the court. The judge found the damages to be $2,900, and in accordance with the agreement, judgment only for $1,450 was rendered against the appellant.

The first question arising is on the motion of the appellee to dismiss the appeal for the reason that the trial was in the nature of an arbitration and the agreement amounted to a confession of judgment from which it is insisted no appeal could be taken. We think the point is not well taken. It was essentially a trial by the court and the fact that it was agreed that a particular judge was to try the case would not change the nature of the proceeding.

The right of trial and appeal remained to appellant the same as though it had been submitted to a jury. There was no express waiver of such right of appeal by the terms of the agreement and without such waiver the parties to the agreement would have all the rights remaining allowed by law. Nor was the agreement to accept a judgment for one-half the amount found by the court a confession of judgment for that amount. The amount of the judgment was fixed by the finding of the judge and depended upon a proper trial of the issue by the court to the extent of one-half, and there was no waiver of any right to appeal by express terms of the agreement, nor do we think such could be the case by any fair inference. Therefore, the motion to dismiss the appeal must be overruled.

The main point urged by appellant for reversal is that the finding of the court was grossly against the weight of the evidence. The items of loss are the loss of twelve cords of wood, damages to fire brick kilns and to brick already burned and to

a large amount of coal washed away by the flood caused by the breaking of the dam, and damages to four brick kilns and to time and labor caused by the overflow, aggregating as claimed by appellee the sum of $4,427.24½. But the court found from the evidence the sum of damages to be only $2,900. The evidence is very voluminous and contradictory and we have examined it carefully with a view of arriving at a just conclusion. Space and time forbids us giving in detail the results of our examination and a full canvass of the evidence. We will say generally that there appears to be sufficient evidence upon which the court below could base the finding and judgment. It did not take the highest amount as an estimate of the damages shown by appellee's witnesses nor the lowest amount testified to by appellant's witnesses, but seemed to weigh the matter impartially so far as we are able to judge. The same consideration must be given in favor of the finding of the court where the court tries the case as where it is tried by a jury. And unless the finding is manifestly against the weight of the evidence the finding will not be disturbed and we are unable to say that such is the case here.

The point made that the court erred in admitting certain testimony against appellant's objection, we think can not be availed of in this court, even if it was error, which we will not stop to inquire. There were no propositions of law submitted to the court by appellant and without such we must suppose the court did not err in giving weight to improper evidence. Although the evidence may have been improperly admitted, we will presume the court only decided the case on the legal testimony.

Seeing no error admitted by the court against the appellant, the judgment of the court below is affirmed.

*Judgment affirmed.*