Armstrong & Co. v, Barrett.

ARMSTRONG & Co.

v.

M. W. BARRETT.

*Practice—Waiver of Assignments of Error—Trial by Court—Submission of Propositions of Law Necessary, When.*

1. Where assignments of error question the action of the court in admitting and refusing testimony, but the briefs and argument of counsel do not mention the alleged errors, such assignments will be considered waived.

2. In a trial by the court without a jury, where no propositions of law are submitted to the court, and rulings on the admission or rejection of evidence are not in question, the only question before the Appellate Court is whether the evidence supports the finding and judgment, and on this question the same rules govern as when a trial is had before a jury upon full and correct instruction as to the law, or without any instructions asked or given.

3. Objections to the pleadings and form of action of a character that could have been obviated in the trial court, had they been raised there, can not be raised for the first time in this court.

. [Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Logan County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. BLINN & HOBLITT and R. HUMPHREY, for appellants.

Messrs. BEACH & HODNETT, for appellee.

Mr. Justice Boggs. This was an action of assumpsit brought by the appellee against the appellants upon a declaration containing only the common counts. The cause, by agreement of the parties, was submitted to the court for trial without the intervention of a jury. The finding and judgment of the court was in favor of the appellee.

The bill of exceptions sets out the entire evidence, and does not show the ultimate facts found by the court. The first and second assignments of error question the action of the court in admitting and refusing to admit evidence, but the briefs and arguments of counsel for appellants do not specify or mention such alleged errors, nor is complaint made in the briefs or argument of any ruling of the court upon the admissibility of evidence. This is a waiver of the first and second assignments of error. Griffin v. Larned, 111 Ill. 434; Wabash Railway Co. v. McDougal, 113 Ill. 605.

"No written propositions to be held as law in the decision was presented to the court," to be ruled upon, as is provided shall be done by the forty-second section of the Practice Act, when it is desired that a question of law involved in the case be reviewed by this court. If a case is submitted to the court for trial, and it is feared that the court does not fully comprehend the law governing the ease, or entertains erroneous views as to the law, written propositions, correctly stating the law, should be presented to the court, upon which it becomes the duty of the court to pass, and the ruling of the court thus made may be preserved and reviewed by an Appellate Court. When this is not done, the only question for the consideration of an Appellate Court upon a record such as is before us in this case is, whether the evidence supports the finding and judgment of the Circuit Court, and in determining this we are governed by the rules that apply when a trial is had before a jury upon full and correct instructions as to the law, or without instructions, either given or asked. Tilbballs v. Lilly, 97 Ill. 552; Mutual Aid Assn. v. Hall, 118 Ill. 169; Christy v. Stafford, 123 Ill. 463. In such case it is assumed that no error or mistake of law was made, and that if the verdict is wrong, the wrong is one of fact only. Hobbs v. Furgeson's

Estate, 100 Ill. 232; Field v. C. & R. I. R. R. Co., 71 Ill. 458. And in determining whether there is error of fact, the finding of the court has the force and effect that should be given to the finding of a jury, (Wood v. Price, 46 Ill. 435,) and is to be sustained, unless clearly and manifestly against the weight of the evidence. We have carefully examined the evidence contained in the record, and think the finding of the court is fully sustained by the proof.

The facts are that the appellee had stored with the appellants a large quantity of corn, under a contract that the appellants were to buy the corn at the market price whenever the appellee chose to sell. The appellants had storage houses at Beason and at Skelton, and the appellee had corn in storage at each place. He claimed that he elected to sell the corn on the 7th day of May, 1891, at the market price, which, he claims, was sixty-five cents per bushel at Beason, and sixty-three cents at Skelton. The appellants claimed that the appellee elected to sell them the corn on the 2d day in March, 1891, at and for the market price on that day, which was fifty cents per bushel, and that they purchased it then at that price. On the 2d day of March, 1891, the appellants tendered appellee $4,727.90, which they claim was the amount due for the corn at fifty cents per bushel. This tender appellants kept good by depositing the amount with the clerk of the court, and they set it up in special pleas as a defense against costs in the case. Thus both parties were claiming a sale of the corn, and the only controversy was as to the time of the sale and the price to be paid. We are not warranted in saying that the court did not correctly determine that controversy.

The objection sought to be presented in this court that a recovery can not be had upon the common counts alone, and that the form of the action is wrong, and other objections, are all of a character which could have been obviated by proof or amendment of the pleading, had they been raised in the Circuit Court. They were not there raised, and can not be urged for the first time in this court.

We think the judgment right upon the merits, and must be affirmed. *Judgment affirmed.*