## Kimball and Company v. Eugenia S. Doggett.

1. TRIALS—*By the Court upon a Wrong Theory.*—Where a cause is tried by the court upon an erroneous theory it has the same effect, when properly presented on appeal, as erroneous instructions have on a trial by jury.

2. LANDLORD AND TENANT—*Damages in Not Finishing a Building.*—The damages sustained by a tenant in not having the necessary finishing of a building done, which the landlord is under contract to do but does not, is the necessary cost to the tenant in making such finishing himself.

3. SAME—*Recoupment and Set-off in Action for Rent.*—For a failure by a landlord to perform his contract in finishing a building for a tenant by a fixed time, the tenant is entitled to damages, including the expense of doing what the landlord ought to have done, and such tenant may recoup or set off such expenses in an action by the landlord for rent.

4. PENALTY—*Construction of Contract.*—When a large sum of money, not being the actual debt, is agreed to be paid in default of the payment of a smaller sum, being the actual debt, the larger sum is a penalty.

Assumpsit, for rent. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed January 11, 1896.

DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellant, contended that substantial performance of the contract is insufficient, but must be performed in full and not in fragments. Estep v. Fenton, 66 Ill. 467; Taylor v. Beck, 13 Ill. 386.

The intention of the parties must govern. Peine v. Weber, 47 Ill. 47.

The courts have considered a stipulated sum as a penalty merely for the reason that from the whole contract it appears such must have been the real meaning of the contracting parties, as where a specific pecuniary payment is secured by a larger sum. But when such a provision has reference only to uncertain damages, and the case shows serious damages might have been incurred, and no fraud has been used as to procuring the stipulation to be inserted in the contract,

it becomes a matter with which courts can not interfere, and furnishes the only measure of damages. Lowe v. Perrs, 4 Burroughs, 2225. Unless there is good ground for it, a court can not declare a stipulated sum, which the parties themselves have said shall be the amount of damages, to be a penalty merely. Gobble v. Linder, 76 Ill. 159; Poppers v. Meagher, 148 Ill. 205.

Where, independently of the stipulation, the damages would be wholly uncertain, and incapable or very difficult of being ascertained except by mere conjecture, then the damages will usually be considered liquidated if they are so denominated in the instrument. Sedgwick on Damages, 517.

Where a landlord has covenanted to make repairs, and fails to do so, the tenant may make them himself and look to the landlord for reimbursement. Myers v. Burns, 35 N. Y. 269; Wright v. Lattin, 38 Ill. 293; Lewis v. Chisholm, 68 Ga. 40; Buch v. Rogers, 39 Ind. 222; 12 Am. & Eng. Encyl. 727; 1 Taylor L. & T. Sec. 330.

DEFREES, BRACE & RITTER, attorneys for appellee.

It is always allowable to look to the interpretation the contracting parties place on their agreement, either contemporaneously or in its performance, for assistance in ascertaining its meaning. No extrinsic aid can be more valuable. Vermont St. Church v. Brose, 104 Ill. 212.

Counsel insisted that notwithstanding the language of the contract the sum of $10,000 therein mentioned is a penalty, and is not liquidated damages.

The courts, especially in this country, have generally shown a marked desire to lean toward that construction which excludes the idea of liquidated damages and permits the party to recover only the damages which he has actually sustained. The language of the contract is not controlling. 1 Sedgwick on Damages, Sec. 396, p. 558.

The great object is to place the plaintiff in as good a position as he would have had if his contract had not been broken. So long as the parties themselves keep these points in view, they will be allowed to agree upon such a

sum as will probably be a fair equivalent of a breach of contract, but when they go beyond this, and undertake to stipulate, not for compensation, but for a sum out of all proportion to the measure of liability which the law regards as compensatory, then the law will not allow the agreement to stand; in all agreements, therefore, fixing a sum in advance as a measure or limit of liability, the final question is whether the subject of the contract is such that it violates the fundamental rule of compensation; if it does so, the sum fixed is necessarily a penalty. 1 Sedgwick on Damages, Sec. 406, p. 582.

Just compensation for injury sustained is the principle at which the law aims, and the parties will not be permitted by express stipulation to set the principle aside. Myer v. Hart, 40 Mich. 517.

The question whether a stipulated sum is to be allowed as liquidated damages is a question of law, and no agreement of the parties to call it a penalty or liquidated damages can decide the question. 1 Sedgwick on Damages, Sec. 408, p. 586.

Stipulated damages must not be grossly excessive, unjust and oppressive, unreasonably extravagant or disproportionate, and all courts agree that a stipulated sum will not be allowed as liquidated damages unless it may fairly be allowed as compensation for the breach. 1 Sedgwick on Damages, Sec. 407, p. 584.

A reasonable sum per day or week for failure to complete a building will be allowed as stipulated damages, but a large sum agreed to be paid at once if performance is delayed beyond a certain time, is not allowed as liquidated damages. 1 Sedgwick on Damages, Sec. 419, p. 602; Taylor v. Standiford, 7 Wheat. 13; S. & C. R. R. Co. v. Callahan, 56 Ga. 331.

In interpreting the contract, the court, when in doubt, will treat the sum fixed by the parties as a penalty. Goodyear Co. v. Selz, 51 Ill. App. 390; 157 Ill. 189.

The fact that the parties fix a sum to be paid and call it liquidated damages does not always control the question as

Kimball & Co. v. Doggett.

to the measure of recovery for the breach of the contract. Courts will look to see the nature and purpose fixing the amount of damages to be paid, and if the clause fixing the amount of the damages appears to have been inserted to secure prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered. Scofield v. Tompkins, 95 Ill. 190.

On the question of liquidated damages, see also the following cases: Dennis v. Cummings, 3 Johns. Cas. 207; Kemble v. Farren, 6 Bing. 141; Hahn v. Horstman, 12 Bush. 249; Sainter v. Ferguson, 7 C. B. 716; Reindel v. Schell, 4 C. B. (N. S.) 97; Jaquith v. Hudson, 5 Mich. 136.

Where the deed contains several stipulations of various degrees of importance, as to some of which damages might be considered liquidated damages, while for others they might be deemed unliquidated, and a sum of money is made payable in gross on a breach of any of them, the courts hold it to be a penalty only and not liquidated damages. 5 Am. & Eng. Enc. 26.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is a corporation conducting a carriage and harness business on a large scale. On July 1, 1891, it and the appellee made a long contract under seal, of which the effect, so far as is now material, was that she would erect for it a large building for its business according to a general description given in the contract, but with references to further details by plans, and have it ready for occupancy by October 1, 1892, unless delayed by causes not now material. Following upon that contract was a lease from her to it of the building, as if already existing, dated September 14, 1891, for a term from October 1, 1892, to January 1, 1913.

She sued for the rent of October and November, 1892.

The evidence is conflicting as to the condition the building was in October 1, 1892, and as to when the occupation began.

The original contract provided that the rent should not commence until the building was "ready for occupancy."

The appellant claimed to recoup or set off (no question is made upon the sufficiency of the pleadings) damages for the incomplete condition of the building when it took possession, and also for expense it necessarily incurred in putting in, at its own cost, finishing that the appellee should have done.

Upon the questions of when the appellant took possession, the then condition of the building, and whether the appellant did necessarily incur expense, etc., the evidence was of that conflicting character that the verdict of a jury, with no error of law, would have been final; but such verdict, with erroneous instructions against the losing party, would be set aside.

The case was tried without a jury. The finding by the court has the force and effect of a verdict by a jury. On the trial the appellee presented, and the court held, among others, the following propositions of law:

12.  "The court holds that if the defendant is entitled to recoup or set off damages against the plaintiff's claim for rent in this case, on account of the failure of the plaintiff to have the building in controversy ready for occupancy by October 1, 1892, then the measure of such damages is the rental value of said property during the period, if any, which the defendant was wholly deprived of the use and enjoyment thereof after said date by the delay in completing said building, and a proper and proportionate part of such rental value during the period, if any, which the defendant after said date had enjoyed a partial and incomplete possession of and benefit from said premises."

14.  "The court holds that even if the plaintiff neglected and refused to build and erect the partitions in controversy, and even if said partitions were included in her contract and shown upon the plans of said building, and if the defendant thereupon built and erected said partitions at its own cost, still the defendant can not recover the cost thereof from the plaintiff in this case by way of set-off."

16.  "The court holds that even if the defendant did not waive the ceiling of the walls of said building above the

third floor, and if the plaintiff refused or neglected to ceil the same, and if thereupon the defendant caused said walls to be ceiled at its own cost, still the defendant can not recover the cost thereof from the plaintiff by way of set-off in this case."

17. "The court holds that if the plaintiff neglected and refused to complete the building in controversy according to her contract, in that she did not cause certain partitions to be erected and certain walls to be ceiled, and if the defendant nevertheless took possession of said building, and used and occupied the same, and erected said partitions and ceiled said walls at its own cost; then the measure of damages for which the plaintiff became liable for such breach is the difference in rental value of said building without such partitions and ceiling and its rental value with same, and not the cost to defendant of erecting said partitions and ceiling said walls."

The effect was to cut off all claim by the appellant for any expense necessarily incurred in doing what the appellee ought to have done, and as there was evidence to support that claim, if admissible, the case was tried upon a wrong theory; which, on a trial by the court, has the same effect when properly presented on appeal, as wrong instructions on a trial by jury. Vigus v. O'Bannon, 118 Ill. 334.

That in fact the damage, injury, loss to a tenant in not having the necessary finishing of a building (which finishing the landlord is under contract to put in, but neglects), is the necessary cost to the tenant in putting in such finishing, hardly admits of discussion.

And we hold that the law accords with the fact. The general proposition that for a failure by the landlord to perform his contract to erect a building for a tenant by a time fixed, the tenant may have damages, is held in Haven v. Wakefield, 39 Ill. 509; but the question whether, as part of such damages, the tenant may include expense of doing what the landlord ought to have done, did not there arise. But in Queen v. Doolan, 55 Ill. 526, a case between owner and contractor (builder), it was held that the owner might re-

coup or set off against the contract price the value of items omitted by the contractor; and in Eyster v. Parrott, 83 Ill. 517, the judgment of the Circuit Court, adopting the same rule, was approved. Now the damages for a breach of two contracts, of the same nature, should be measured by the same rule. The appellant has an estate, which at the time its damages accrued was for twenty years; of such duration as to make necessary finishing almost as important to it as if the estate had been in fee.

The appellant is entitled to recoup the necessary cost and expense to the appellant of making good any omissions. Taylor, L. & T., Sec. 374.

Whether there were omissions, or as to any question of fact, we intimate no opinion.

The claim of the appellant that the appellee became liable for $10,000 because the building was not complete October 1, 1892, we hold to be unfounded. That claim is made upon this provision in the contract:

" It is further stipulated and agreed, that if the party of the first part shall fail or neglect to construct such building at the time heretofore specified, or to execute such lease as herein provided for, on her part, she shall pay to the party of the second part the sum of ten thousand dollars ($10,000) as liquidated damages, and not as penalty; and if the party of the second part shall fail to accept and execute such lease as herein provided for, it shall in like manner pay to the party of the first part the sum of ten thousand dollars ($10,000) as liquidated damages, and not as a penalty."

If " construct " means complete, then the omission of any trifling detail would subject the appellee to the liability for $10,000, and even the omission of such item for a day would have the same effect.

Upon the principles discussed in Goodyear Shoe Machinery Co. v. Selz, Schwab & Co., 51 Ill. App. 390, 157 Ill. 186, the sum named is a penalty, operating only *in terrorum*, and not so much so.

The judgment is reversed and the cause remanded.