George M. Bright, doing business as Washington Hardware Company, v. William Kenefick.

1. CAUSE OF ACTION—*Foreign Judgment and Original Claim—Election.*—A brought suit against B, declaring on a judgment obtained in the State of Virginia, and on a bill of exchange on which such judgment was based. *Held*, that A was not required to elect as to whether he would base his action on the judgment or the bill of exchange, but might declare upon and offer evidence of both of said supposed causes of action and recover if he established either of them.

2. TRIALS—*Upon an Erroneous Theory.*—When the record shows that a case was tried by the court upon an erroneous theory, the judgment must be reversed.

Debt, on a judgment, with counts on a bill of exchange. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

STATEMENT OF THE CASE.

This suit was brought in debt. A declaration containing two counts was filed upon an alleged judgment against appellee, obtained in the Circuit Court of Washington County, Virginia, and two counts upon the draft or bill of exchange which formed the basis of the action in Virginia, wherein the judgment in this cause declared upon was obtained. The appellee, as to the counts upon the judgment, pleaded *nul tiel* record, a plea setting up no authority for the appearance alleged in the said Virginia suit, and the further plea that the judgment in Virginia was one *in rem*, and as to the two counts upon the bill of exchange itself, appellee pleaded payment and *nil debit*.

The suit in Virginia, wherein the alleged judgment was obtained, was an attachment suit brought against appellee by the appellant. The Abingdon Coal & Iron Company of Virginia, was joined as garnishee. The judgment roll introduced in evidence shows that service was had upon the defendant, William Kenefick, the appellee herein, by publication only; personal service was had upon the Abingdon Coal & Iron Railroad Company.

Subsequently, certain attorneys by name of Rhea & Peters, of Abingdon, Virginia, appeared in said suit on behalf of the appellee, and moved the court to remand the cause to rules, upon the ground that the publication had not matured. This appearance of the appellee in that cause, it is contended, was without authority.

A jury having been waived, the court found the issues and rendered judgment for the defendant.

EDGAR BRONSON TOLMAN, attorney for appellant.

GOODRICH, VINCENT & BRADLEY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Upon the trial the court refused to hold the following propositions of law tendered by the plaintiff:

"Fifth. The court holds the law of this case to be that the plaintiff is not required to elect as to whether he will base his action upon the judgment offered in evidence in this case or the bill of exchange offered in evidence in this case, but he may declare upon and offer in evidence both of said supposed causes of action, and if entitled to recover upon either of them, judgment should be rendered in his favor upon such cause of action.

Sixth. The court holds the law of this case to be that if the judgment offered in evidence was a valid judgment, the plaintiff should recover upon such cause of action, but if the said judgment is not a valid judgment *in personam* by reason of lack of jurisdiction over the person, as claimed by the defendant in this case, that then the rendition of such judgment, being a judgment *in rem* only, for want of jurisdiction over the persons, does not work a merger of the original cause of action, to wit, the bill of exchange offered in evidence herein."

Either there was or was not, in the court of Virginia, a valid judgment *in personam* against appellee; if there was no such judgment, because appellee never authorized any one

to appear for him in said cause, then the claim of appellant against appellee upon the bill of exchange remained unaffected by that judgment.

If there be a merger, it is because of the validity of such judgment.

The claim of appellant is not, as appellee insists, that he, appellant, "shall have his cake and eat it too;" but that if the cake has not been eaten, as appellee contends, then he, appellant, still has it.

The court ought, therefore, to have held the fifth and sixth propositions of law tendered by the plaintiff.   Such refusal shows that the case was determined upon an erroneous theory; and the judgment must, therefore, be reversed and the cause remanded.   Kimball & Co. v. Doggett, 62 Ill. App. 528; West Chicago Park Comm'rs v. Kinkade, 64 Ill. App. 113.

Reversed and remanded.