## Charles J. Bour v. Chicago and Wellston Coal Co.

1. Appellate Court Practice—*Where No Question of Law is Presented for Determination.*—In cases where a jury has been waived and the cause submitted to the judge for trial, it is only where some ruling of the court upon propositions of law submitted to it, or upon other questions of law arises upon the trial—such as the admissibility or rejection of evidence, etc.—that the Appellate Court can inquire or examine into the correctness of the law upon which the case was decided.

2. Same—*Presumptions.*—Where a case is submitted to the court for trial without a jury and no propositions of law asked, or where the trial is by jury and no instructions given, it will be assumed that no mistake of law was made at the trial, and that the finding or verdict is right, unless it is so manifestly against the evidence that it ought not to stand.

3. Same—*Force and Effect of the Finding of the Trial Court.*—In determining whether there is error upon the facts, the finding of the court has all the force and effect of the verdict of a jury and will not be disturbed unless for reasons sufficient to set aside a verdict.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Mr. Justice Horton dissenting. Opinion filed February 27, 1900.

W. H. Richardson, attorney for appellant.

Bangs, Wood & Bangs, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This was a suit to recover the price of twelve tons of coal that was delivered by appellee, by order of a third party, to a flat-building owned and operated by the appellant, and used by appellant, for the purpose of heating the same. The case was tried without a jury, and judgment for seventy-two dollars against the appellant was recovered.

No proposition of law was submitted to the trial court to be ruled upon, as might have been done under section 42 of the practice act, and hence no question of law is presented for our determination, unless the errors assigned as

to the admission or exclusion of evidence necessarily involve the consideration of such a question. Keating v. Springer, 146 Ill. 481.

In cases where a jury has been waived and the cause submitted to the court alone, it is only where some ruling of the court, upon propositions of law submitted to it, or upon other questions of law—such as the admissibility or rejection of evidence, etc.—arising upon the trial, that this court can inquire or examine into the correctness, or otherwise, of the law upon which the case was decided. Without some such ruling and appropriate exception, we are bound to presume that the law of the case was correctly decided, and we are at liberty only to inquire whether the finding is sustained by the evidence in the case.

The method of saving questions of law for review by this court or by the Supreme Court, in cases submitted to the trial court without a jury, by requesting that court to hold written propositions of law, is analogous to that of asking instructions to the jury upon the law of the case that is submitted to them.

Where in the one case no proposition of law is asked to be held, and in the other no instruction to the jury is given, it will be assumed, on review, that no mistake of law was made at the trial; and that the finding or verdict is right, unless it is so manifestly against the evidence that it ought not to stand. Hobbs v. Ferguson's Estate, 100 Ill. 232; National Bank v. LeMoyne, 127 Ill. 253; Smith v. Dauel, 29 Ill. App. 290; Davies v. Phillips, 27 Ill. App. 387; Bright v. Kenefick, 69 Ill. App. 43.

And in determining whether there be error upon the facts, the finding of the court has all the force and effect of a verdict by a jury, and will not be disturbed unless for reasons that will overturn the verdict of a jury. Kimball v. Doggett, 62 Ill. App. 528; Armstrong v. Barrett, 46 Ill. App. 193; Brown v. Galesburg P. B. Co., 32 Ill. App. 650.

The only assigned errors that are not waived by a failure to argue them (Armstrong v. Barrett, *supra*, Cook v. Moulton, 59 Ill. App. 428), are such as apply to the law of the whole

case, and to the sufficiency of the evidence, and as the law applicable to the case generally, must, in the absence of any proposition of law upon which a ruling might have been had, be presumed to have been decided correctly, there is nothing before us except to inquire if the evidence sustains the finding.

On the facts, it is not clear that the appellant is liable for the coal, and perhaps as an original question, we might have found he was not; but the trial judge having had the advantage. denied to us, of seeing the witnesses and observing their manner of testifying, and the evidence being conflicting upon the essential points in the case, we can not say, under the rules we have referred to, that the finding is so manifestly against the evidence as to justify a reversal of the judgment.   Davies v. Phillips, 27 Ill. App. 387; Brown v. Galesburg P. B. Co., *supra.*

The judgment will therefore be affirmed.

Mr. Justice HORTON dissents.