## City of Chicago v. William Burke.

1. Evidence—*Must be Applicable to the Issues on Trial.*—In an action for overtime by an employe, evidence that his employer had paid wages for extra time to another employe in like employment, is inadmissible.

2. Presumptions—*As to Ruling of the Trial Court.*—Where no propositions of law are submitted to the trial court, it must be presumed that all questions of law which arose during the trial, except those preserved as to the admission or rejection of testimony, were decided correctly.

Assumpsit, for services rendered, etc.    Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1899.    Reversed and remanded.    Opinion filed July 31, 1900.

Chas. M. Walker, corporation counsel, William Howard Fitzgerald and Colin C. H. Fyffe, attorneys for appellant.

Henry M. Coburn, attorney for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

This is an action in assumpsit brought by the appellee to recover against the city of Chicago for alleged overtime worked by him as a night watchman and caretaker of a certain steam roller owned and operated by the city of Chicago.    Appellee based his right of action upon a certain ordinance passed by the city council of the city of Chicago June 24, 1889, which ordinance was declared upon by the appellee and placed in evidence.

Counsel for appellee stated during the trial that appellee also claimed a right to recover under section 1, chapter 48, Hurd's Stat. of Illinois.    A jury was waived and the case submitted to the court for trial.    There is no conflict in the evidence.    Appellant offered no testimony.

Appellee was permitted to prove over the objection and exception of appellant that the city had paid to another

man in like employment, but at a later period, extra for all time he served over eight hours each night. The witness testified that in 1899, after the employment of appellee terminated, he was watchman on the same steam roller upon which appellee had served, and that he received extra pay for all such overtime.

If appellee and those in like employment were not legally entitled to pay for overtime, as is contended by appellant, then it does not tend to sustain the right of appellee to recover to show illegal payment to another employe. Or if the witness was paid for overtime by reason of a special agreement, as seems probable from his testimony, the fact that he received such payment does not tend to establish the right of appellee to recover in this case. In any view that may be taken it was error to admit that testimony against the objection of appellant.

It is to be regretted that no proposition of law was submitted by either party to be held by the court. It must therefore be presumed that all questions of law which arose in the case, except that preserved as to the admission of testimony, were decided correctly by the trial court. This question has been recently considered by this court. See Bour v. Chicago & Wellston Coal Co., 87 Ill. App. 592, and cases there cited, and Conway v. Garden City P. & P. Co., Gen. No. 8676, filed June 7, 1900, and cases cited. As we said in the Bour case (p. 593):

"In cases where a jury has been waived and the cause submitted to the court alone, it is only where some ruling of the court upon propositions of law submitted to it, or upon other questions of law, such as the admissibility or rejection of evidence, etc., arising upon the trial, that this court can inquire or examine into the correctness or otherwise of the law upon which the case was decided. Without some such ruling and appropriate exception, we are bound to presume that the law of the case was correctly decided, and we are at liberty only to inquire whether the finding is sustained by the evidence in the case."

The testimony offered on behalf of appellee is that he worked all the time for which a recovery was had and there is no testimony to the contrary. He was employed as

watchman and caretaker of a steam street roller. As we understand the facts, said steam roller was used in leveling and rolling streets which were being improved or repaired, in the city of Chicago. The testimony is that appellee worked therein every night for over fifteen consecutive months, including Sundays and holidays, and that he had received his pay in full each month at the rate of wages agreed upon, except for overtime. During the same term an engineer was employed thereon in the day time. When it was so cold that the water in the boiler would freeze, appellee kept a fire nights, and the roller was upon the streets every day during that period. Why that roller was kept on the streets all winter and a fire kept under the boiler during the day and all of the cold nights, at a season when the streets were so frozen that said roller, if run over them, would make no impression, and why an engineer was kept on such roller days and a watchman nights, both drawing salaries from public funds for all that winter, does not appear from this record. Yet such is the testimony and there is no attempt on behalf of the city to show anything to the contrary. We are cut off from a review of the ordinance because of the manner in which the case was submitted to the trial court, as already shown, and no evidence is presented by those representing the city, which might be reviewed by this court, tending to sustain or justify the hiring of men to watch and keep fired up all winter a machine which everybody knows can not be usefully employed during a considerable part of every winter season.

But for the error indicated, the judgment of the Circuit Court will be reversed and the cause remanded.