## Lake Shore Sand Co. v. East Tennessee S. and M. Co.

1. VERDICTS—*On Conflicting Evidence—Presumptions.*—Where no instructions are given, the court will presume that no mistake of law was made and that the verdict is right, unless it is so manifestly against the evidence that it ought not to stand.

Assumpsit, for goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

EUGENE CLIFFORD and W. W. FULLER, attorneys for appellant.

OSCAR M. TORRISON, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a suit in assumpsit by the appellee against appellant to recover for a quantity of manufactured marble contracted for, most of which was delivered, and a part of which was offered for delivery but its acceptance refused.

There was a verdict and judgment for the plaintiff (appellee), and this appeal has followed.

No instructions to the jury appear to have been asked by either party, and the court gave none on its own motion.

The questions argued by appellant are ones of fact, and such as concern the admission and rejection of evidence. The marble was ordered from appellee for use in the interior work of a county court house, in Indiana.

The agreements of the parties with reference to the marble were made by voluminous correspondence—telegraphic and by letter—and personal interviews between their respective agents, the whole forming a complicated and voluminous mass.

There were delays in furnishing the marble, and it would require a lengthy review of everything constituting the agreements of the parties, as well as a large amount of conflicting oral testimony, to tell whether such delays were excusable or not. The jury has found from the facts and circumstances shown in evidence that they were. Damages were claimed by the appellant that apparently were not allowed by the jury, and especially, for an amount paid by appellant for marble newels and hand-rails to take the place of some that were shipped by appellee and not accepted by appellant.

Extensive space would be required to discuss whether the facts justified the action of the jury in rejecting such claimed damages. We refer to these matters, and might do so as to others, in order to give prominence to the futility of burdening our opinion with a lengthy discussion that could only result in a conclusion that we may not in such matters of fact supplant the judgment of the jury

by our own. The decision of questions of fact upon complicated and conflicting evidence is the peculiar province of a jury. It may be that if the jury had been properly instructed as to the law applicable to certain aspects of the evidence, and had found as they did, we could properly give a remedy to appellant to some extent. But without any instructions having been given, we are bound to assume that no mistake of law was made by the court or jury, and that the verdict was right unless it was so manifestly against the evidence that it ought not to stand. Bour v. Chicago and Wellston Coal Co., 87 Ill. App. 592. Assuming the law applicable to the case to have been properly understood by the jury, as we must in the absence of any instruction, it is plain from the record that the verdict was not clearly opposed to the evidence. It must therefore stand unless some error was committed by the court in admitting or rejecting evidence.

Replying to one of appellant's letters, appellee said by letter, "We can get your order in, say, two weeks after receipt of same, barring strikes and accidents."

There was a delay in shipping a part, at least, of the marble then ordered, and appellant offered to prove by a witness that the cause of the delay was because of an "accident," and so he was asked whether the breaking, as was proved, of a large block of marble that was being sawed, because of a hidden defect in it, was considered in the marble trade as an accident. To the question the witness, over the objection of appellant, was allowed to answer that it was so considered.

We regard the question as a proper one, as tending to show the meaning of a word in a particular occupation or trade, notwithstanding such word has a general significance.

But inasmuch as the marble concerned in that delayed delivery was subsequently shipped, accepted and paid for, the error, if there was any, was harmless.

Damages were claimed by appellant because of the claimed delays, and attempts were made to show certain items of such claimed damages, but the court refused to allow

them to be shown. These items consisted in the difference between express charges and freight rates on some of the marble, wages for increased time during the delays, and the incurring of a penalty by appellant on account of his being behind time in the performance of his contract with the county board, and perhaps other matters.

The consideration of the court's action in such respect is involved in numerous questions of fact as to whether there was a waiver of delay by appellant, or whether the delays were because of appellant's own fault in numerous claimed respects, and other matters, all of which were questions for the jury that we will assume, in the absence of instructions to the jury as to the law, were correctly decided by them; and we will therefore not consider them in detail, or the claimed error by the court in rejecting the offered evidence. We discover no such error as requires us to disturb the judgment and it will therefore be affirmed.