## Henry L. Wayne v. Ella I. Styles.

1. APPELLATE COURT PRACTICE—*When There Are No Questions to be Considered.*—When a case is submitted to a trial court for its determination without a jury and no propositions of law are presented to the trial judge to be by him held, there are no questions of law to be considered by the Appellate Court, unless it be such as the admissibility or rejection of evidence, etc.

2. SAME—*Effect of the Finding of the Trial Court.*—Where a case is submitted to a court for hearing and the testimony is conflicting and no propositions of law are presented to be held, the finding of the court

has the same effect upon a reviewing court that the verdict of a jury under proper instructions has.

3.   DAMAGES—*Duty of Parties to Use Reasonable Efforts to Prevent —Landlord and Tenant.*—As a general rule a person can not sustain a claim for damages which he might, by reasonable efforts, have prevented; so where a tenant occupies premises which are so situated that they may be heated without interfering with the rights of other persons, and the landlord is bound to heat the same, but fails to do so, the tenant may cause the heating to be done and recover from the landlord all expenses necessarily incurred by him in so doing.   But he can not refuse or voluntarily neglect to prevent the injury arising from the premises not being heated, and then recover from his landlord damages for such injuries.

Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1900.   Affirmed.   Opinion filed April 6, 1901.   Rehearing denied May 24, 1901.

J. W. SUTTON, attorney for appellant; WM. E. HUGHES, of counsel.

CANNON & POAGE, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This case was heard in the Circuit Court upon an appeal from a justice of the peace.   A jury was waived and the case submitted to the court.   There were no propositions of law presented to the trial judge to be by him held. Hence there is no question of law to be considered by this court, unless it be " such as the admissibility or rejection of evidence, etc." (Bour v. Chicago & Wellston Coal Co., 87 Ill. App. 592.)   Under the caption " Errors Relied upon for Reversal," it is said in substance, among other things, that the refusal of the court to allow the wife of appellant to testify in rebuttal was error, and that evidence as to conversation between the parties to the contract before the execution thereof is competent.   No testimony is mentioned or referred to in the brief for appellant other than in the general terms above stated and there is no further reference to such alleged errors.

We have read the abstract of testimony but do not find any exceptions there preserved that are deemed sufficient to justify a reversal.

Wayne v. Styles.

The claim of appellee upon which judgment was entered against appellant is for rent of rooms comprising a " flat," leased and occupied by appellant in an apartment or " flat " building at LaGrange in this county.   It is contended by appellant that it was the duty of appellee to properly heat said rooms; that said rooms were not so heated; that he was thereby evicted; and that therefore appellee is not entitled to recover.

On behalf of appellee it is contended that she caused the rooms in question to be well and properly heated, although she had not agreed and was not legally bound so to do. We are inclined to sustain the contention of appellant that, under the facts and circumstances shown, it was the duty of appellee to properly heat the rooms referred to.   It will be so considered for the purposes of this opinion.

It is a well settled general rule that a person can not sustain a claim for damages which he might, by reasonable efforts, have prevented.   (Hartford Deposit Co. v. Calkins, 186 Ill. 104.)   Hence, when a tenant occupies premises which are so situated that they may be heated without interfering with the rights of other persons, and the landlord is bound to heat the same, but fails to do so, then the tenant should cause the heating to be done, and he may recover from the landlord all expenses necessarily incurred by him in so doing.   But he can not refuse or voluntarily neglect to prevent the injury arising from the premises not being heated and then recover from the landlord damages for such injuries.

But the principle upon which this rule is based should not be applied and its application can not be successfully invoked where, as in the case at bar, there was no opportunity or provision for heating the appellant's apartments, and no apparatus by the use of which he could do so, without interfering with the other tenants of the building.   He had no right to take possession of the plant used for heating the apartments of all the other tenants as well as his own.

It is, however, a contested question of fact, whether the

618 APPELLATE COURTS OF ILLINOIS.

"flat" occupied by appellant under lease from appellee was or was not properly heated by the appellee. Appellant offered testimony tending to show that it was not and there was testimony tending strongly to show that it was. There is also testimony tending to show that the wife of appellant was dissatisfied with a residence at LaGrange and that the complaints as to lack of heat were induced by reason of her desire to get rid of the lease of the apartments in question.

Where, in a case submitted to the court for hearing, the testimony is conflicting, and no propositions of law are presented to the court to be held, the finding of the court has much the same effect upon a reviewing court that the verdict of a jury has, under proper instructions.

No error is apparent which would warrant a reversal of the judgment of the Circuit Court, which is affirmed.