### Henry D. Laughlin v. George C. Holmes.

1. TRIALS—*Findings of the Trial Judge.*—In a case of conflicting evidence, and correct propositions of law being held, the finding of the trial judge is of much the same effect upon a reviewing court as the verdict of a jury under proper instructions.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 10, 1901.

JOHN P. AHRENS, attorney for appellant.

REMY & MANN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This suit was begun before a justice of the peace and appealed to the Circuit Court, to recover a sum agreed to be paid upon the delivery of a transcript of a stenographer's notes of evidence taken in a judicial proceeding.

The sole question was one of fact as to whether a delivery, in the legal sense, was made of the transcript at the time and place agreed upon. On that question the appellant and the clerk of appellee testified in direct opposition—the appellant testifying that he was refused permission to take and look at the transcript before paying the money, and

the clerk testifying to the exact contrary, and denying that appellant requested it.

The case was tried by the court without a jury, and the court, at the request of appellant, held the following proposition of law:

" If the transcript in question was ordered by Laughlin, subject to the condition that it should be delivered to him at a place and by a time named, and plaintiff accepted the order subject to such condition, but failed to deliver it at the place and by the time fixed, he is not entitled to recover."

Such proposition was manifestly as favorable for the appellant as he could ask. Nevertheless, the court found the fact against the appellant, and gave judgment in favor of the appellee.

In such a case of conflicting evidence, and correct propositions of law being held, the finding by the trial judge is of much the same effect upon a reviewing court as the verdict of a jury under proper instructions. Bour v. Chicago & W. Coal Co., 87 Ill. App. 592.

There was no material error committed by the trial judge in the modification of the only other proposition of law that appellant submitted to be held. The modification was favorable to appellant rather than otherwise.

No error appearing, the judgment must be affirmed.