Davies v. Phillips.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. C. M. Hardy, for appellant.

Messrs. Munn & Wheeler, for appellee.

---

## Rachel Davies
### v.
## Iva I. Phillips.

*Practice— Trial by the Court—Presumption—Conflict of Evidence.*

1. Where a case is tried without a jury, and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided.

2. In such a case, if the evidence is conflicting, and the finding of the court below is not manifestly against its weight, such finding is conclusive upon this court.

| | |
|---|---|
| 27 | 387 |
| 78 | 677 |
| 27 | 387 |
| 87 | 593 |
| 87 | 594 |
| 27 | 387 |
| 102 | [1]309 |
| 27 | 387 |
| 106 | [1]480 |
| 106 | [1]606 |
| 109 | [2]168 |
| 27 | 387 |
| 115 | [1]603 |

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. GEORGE W. CASS, for appellant.

Messrs. C. E. CRUIKSHANK and FRED. H. ATWOOD, for appellee.

*Per Curiam.* This case was submitted to the court for trial without a jury, and the finding of the court was against appellant and in favor of appellee.

No propositions of law were submitted to the court to be held by either party, and it must therefore be assumed that the court decided all questions of law which arose in the case, correctly.

The assignment of error is that the finding of the court is contrary to the law and the evidence. If the court was correct in finding the issue of fact in favor of plaintiff, then the law entitled him to a judgment. So that the question here is, does the record contain evidence which supports the finding of the court. The question arises just as it would upon a verdict in favor of the plaintiff where the jury had been fully and correctly instructed by the court.

We have examined the evidence in the record with care, and while it is certainly conflicting on material points, we are unable to say that there is not evidence to sustain the finding of the court; while, if the finding of the court had been the other way, we should not have felt authorized to interfere with it on appeal, we find no such preponderance against the finding as it stands, as would warrant our setting it aside. Where there is a conflict of evidence and no error of law intervenes, it necessarily follows that the finding of the trial court must be treated as binding on the parties, unless it appears, from an inspection of the entire record, that such finding is clearly and manifestly against the weight of the evidence.

So where the evidence would warrant conflicting inferences to be drawn from facts proved, as might be contended in this case, the inference drawn by the trial judge must be held conclusive on the parties, and binding on a reviewing court.

No such conditions appear on our inspection of this record as warrants interference by us with the judgment rendered by the Circuit Court, and the same must therefore be affirmed.

*Judgment affirmed.*