## THE MERRIMAC PAPER COMPANY

*v.*

## THE ILLINOIS TRUST AND SAVINGS BANK *et al.*

*Filed at Ottawa June 15, 1889.*

1. PRACTICE—*trial by the court—preserving questions of law.* If a party desires to preserve the rulings of the court trying a case without a jury, in its application of the law to the facts, he should submit to the court formal propositions of law, and except to the ruling thereon, if adverse.

2. APPEAL—*reviewing the facts.* Where the Appellate Court affirms a judgment in replevin, its finding as to the facts is conclusive on this court.

3. ASSIGNMENT OF ERROR—*by whom.* In replevin against a bank, described as trustee for a warehouse company, the court found the issues for the defendant, and rendered judgment in the defendant's favor, and awarded a writ for the return of the property to the bank, omitting to state the character in which the bank defended: *Held,* that this was an error of which the plaintiff could not complain, as it could not affect its right whether the return was ordered to the nominal or beneficial plaintiff.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHARLES W. NEEDHAM, for the appellant.

Mr. E. W. RUSSELL, and Mr. G. FRANK WHITE, for the appellees.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was an action of replevin, brought by appellant in the Superior Court of Cook county, against appellees, to recover a quantity of book paper. By stipulation, a jury was waived, and the cause submitted to the court for trial. The court found the issues for the defendants, and rendered judgment

accordingly, and for costs, and awarded a writ of *retorno habendo* in favor of the Illinois Trust and Savings Bank. On appeal to the Appellate Court for the First District this judgment was affirmed, and the plaintiff below prosecutes this appeal from the judgment of affirmance.

We are asked to review the finding of the Appellate Court and of the Superior Court in respect of the facts and law applicable thereto. No propositions of law were asked upon either side to be held by the trial court, and, in accordance with the uniform holding of this court, we must again hold that no questions of law are raised by this record which we can review. If the plaintiff below desired to preserve the rulings of the court in its application of the law to the facts of the case, formal propositions of law should have been prepared and submitted, and the rulings of the court thereon, if adverse to the view of the plaintiff, could have been excepted to, and such exception preserved. This was not done, and the principal question sought to be raised by counsel is not therefore before us. The finding of the Appellate Court of the facts adversely to the plaintiff, is conclusive upon us. We are not permitted to review such finding.

There is, however, one matter assigned as error which we may properly consider:—The order of the Superior Court awarded the writ of return in favor of the Illinois Trust and Savings Bank, whereas the defendant, from which the property had been taken upon the writ of replevin, was the Illinois Trust and Savings Bank, trustee for the Union Warehouse Company, the character in which the bank defended having been omitted in the order awarding the return of the property replevied. It is sufficient to say, that this is an error in nowise prejudicing appellant, and it can not, therefore, be heard to complain.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*