## Kelley v. Louisville & N. R. R. Co.

1. *Instructions—Must be Accurate Where the Evidence is Conflicting.*—In an action where the contention on the questions of fact was as to whether the plaintiff had been paid for all services rendered by him, and whether he had been discharged without cause before the expiration of the time for which he was employed, and if so whether he might have obtained employment, and on most, if not all, of these questions the evidence was conflicting, *it was held,* that in this condition of the evidence the instructions must be accurate. So an instruction for the defendant stating that " if the plaintiff was employed to work for the defendant by the month and it has paid him in full all it owed him" the jury must find for the defendant, is erroneous because it ignores the question as to whether a contract had been made for any definite length of time, and the plaintiff discharged without cause.

2. *Instruction—Province of the Jury to Determine the Credibility of the Witnesses.*—It is the province of the jury to determine the credibility of the witnesses, and an instruction which takes from them the right of weighing the testimony is erroneous.

3. *Contract of Hiring—Rule in Case of a Breach.*—The rule in a suit for a breach of contract for hiring as to the amount of recovery, is the wages agreed to be paid by the contract, and the burden of showing what the plaintiff did earn or could have earned by reasonable diligence in other employment in case of his discharge before the expiration of the time fixed by the contract, is upon the defendant.

**Memorandum**—Action upon an oral contract. Appeal from a judgment rendered by the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge. · Heard in this court at the August term, A. D. 1892. Opinion filed September 8, 1893.

The opinion of the court states the case.

APPELLANT'S BRIEF, BLAIR & LEONARD, ATTORNEYS.

A conflict in the evidence requires the instructions to be accurate. If liable to mislead, the judgment will be reversed.

St. Louis Coal R. R. Co. v. Moore, 14 Brad. 510; Wabash & St. L. R. R. v. Shacklet, 105 Ill. 364; Michael's B. L. Co. v. Jenks, 20 Brad. 369.

### APPELLEE'S BRIEF, J. M. HAMILL, ATTORNEY.

Where the parties have made an express contract no contract will be implied, and the action must be upon the express contract and the recovery under its terms. And no recovery on the *quantum meruit* is authorized or can be sustained. Walker v. Brown, 28 Ill. 378; Ford v. McVay, 55 Ill. 119; Illingsworth v. Slossom, 19 Brad. 612.

OPINION OF THE COURT, PHILLIPS, P. J.

This is an action of assumpsit brought by plaintiff against defendant for a breach of an oral contract.

The declaration contains a special count alleging that the defendant employed the plaintiff to work for it for three years as superintendent of track at $100 per month, payable monthly, and the expense of moving his family from Mt. Vernon, Illinois, to the place he was to work in West Virginia, which was alleged to have been $400, and it is further averred that plaintiff in pursuance of the contract entered into the service of the defendant and remained for about eight months, when defendant, without cause, discharged him from its service, and since which time the plaintiff has been idle, although he has diligently sought employment. A recovery is sought for wages earned and for eight months lost time on the contract of employment, consequent on the discharge, and for money paid, laid out, and expended. There are also the common counts. To this declaration the general issue *only* was pleaded.

The plaintiff claims that for all services rendered by him for labor, he was paid all that was owing, except $20, for which a check was offered him and refused, he demanding more money. He further says that he paid out $34.93 in money for defendant, in repairing tools and in railroad fare, endeavoring to find men to work for the defendant, and that he was ready and willing to comply with the contract to

work. The contention on the question of fact was as to whether the plaintiff had been paid for all services rendered by him, and whether he had been discharged without cause before the expiration of the time for which he was employed, and if so, whether he might have obtained employment. On most, if not all of these questions, the evidence was conflicting, and hence, in that condition of the evidence the instructions must be accurate. The first instruction given for the defendant is as follows: "If plaintiff was employed to work for defendant by the month and it has paid him in full all it owed him, then you must find for defendant." This instruction ignores the question as to whether a contract had been made for any definite length of time and the plaintiff discharged without cause, and also ignores the question as to whether money had been advanced by plaintiff for the use of defendant, and in this respect it was erroneous. And the third, fourth and fifth instructions given for the defendant also disregard the question of money advanced by the plaintiff for defendant's use. The sixth instruction is: "If the jury believe, from the evidence, that at the time plaintiff was employed to work for the defendant the only persons present were O'Brien, Crane and plaintiff, and O'Brien and Crane have testified that plaintiff was employed by the month and not by the year, and that O'Brien and Crane are creditable witnesses, and their testimony has not been successfully contradicted or impeached, and that the defendant has paid the plaintiff in full all that it owed him, then your verdict must be for the defendant."

This instruction takes from the jury the right of weighing the testimony that was conflicting on this subject, and by the court the credibility of the witnesses is determined, which was the province of the jury. The instruction in this regard is erroneous. Frame v. Badge, 79 Ill. 441; C., M. & St. P. Ry. Co. v. Hall, 90 Ill. 42; Protection Life Insurance Co. v. Dill, 91 Ill. 174.

The eighth instruction given for the defendant is as follows: " Even if you should believe from the evidence that

defendant employed the plaintiff for a certain period and discharged him without cause before the expiration of such period, still if you further believe from the evidence the plaintiff has not made proper and diligent efforts to obtain other employment, or if from habits of drunkenness or neglect, he has been unable to obtain such employment, then he can not recover from the defendant for the time that has elapsed since his discharge to the commencement of this suit, and your verdict must be for the defendant." The rule in a suit for a breach of contract for hiring, as to the amount of recovery, is the wages agreed to be paid by the contract; and the burden of showing what the plaintiff did earn, or could earn by reasonable diligence in other employment, is thrown upon the defendant. Brown v. Board of Education, 29 Ill. App. 572, and cases cited. The instruction as given to the jury made the right of recovery depend on whether reasonable diligence was used to obtain other employment, regardless of what might have been earned, which must be shown by the defendant. The evidence in this case is conflicting, and where the evidence is conflicting and contradictory, the instructions must be accurate. St. Louis Coal R. R. Co. v. Moore, 14 Brad. 510; Wabash, St. Louis R. R. v. Schacklet, 105 Ill. 364; Michael's B. & L. Co. v. Jenks, 20 Brad. 369. For errors in instructions, the judgment must be reversed and the cause remanded.