THE UNION INSURANCE COMPANY

*v.*

MARJORIE H. CROSBY, Admx.

*Opinion filed April 21, 1898.*

1. PRACTICE—*motion for new trial, in case tried without a jury, is not an exception to judgment.* A motion for new trial, in a case tried without a jury, in which no propositions of law were submitted or exception taken to the judgment, and to the denial of which motion no exception was taken, does not operate as an exception to the judgment so as to preserve errors of law for review, notwithstanding the motion is not necessary in such a case.

2. APPEALS AND ERRORS—*when alleged error in admitting improper evidence will not be considered.* Alleged error in admitting certain improper testimony contained in depositions will not be considered on appeal, where, though the depositions in the transcript show informal objections or exceptions, the record fails to show that the objections were made to the court and its ruling obtained thereon, or that there was any motion to suppress the depositions.

*Union Ins. Co.* v. *Crosby,* 70 Ill. App. 129, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

HAMILTON & STEVENSON, (HOOD GILPIN, and ADELBERT HAMILTON, of counsel,) for appellant.

W. E. HUGHES, (THOMAS L. HUMPHREVILLE, and D. J. SCHUYLER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit brought by appellant in the circuit court of Cook county, wherein a jury was waived and a trial had before the court, and a judgment was rendered for the defendant. The Appellate Court has affirmed that judgment.

There were no propositions to be held as law in the decision of the case submitted to the trial judge, and no exceptions taken to the judgment. A motion for a new trial was made, but no exception taken to the decision of the court in overruling that motion. Counsel for appellant contend that, as no motion for a new trial was necessary in such a case, (*Mahony* v. *Davis,* 44 Ill. 288; *Jones* v. *Buffum,* 50 id. 277; *Sands* v. *Wacaser,* 149 id. 530; *Sands* v. *Kagey,* 150 id. 109;) such motion was of itself a sufficient exception to the judgment, and is as effectual here in preserving errors of law for our review as proper exceptions taken to the decision of the court in holding or refusing to hold written propositions as law in the case and in rendering the judgment. No such practice has ever obtained in this court, nor is it in accordance with the statute.

It is next contended that the trial court erred in receiving certain improper testimony contained in depositions taken in the case. The original depositions have been incorporated in the transcript of the record, and they show certain informal objections and exceptions, but the record fails to show that these objections were made to the court by appellant, and that appellant at the time excepted to the ruling of the court upon the same. Some of them appear by the transcript to have been incorporated in the deposition when it was taken, and others to have been interlined at some time with pencil. No motion to suppress the depositions, or any part of them, appears to have been made.

It is unnecessary to state the case further, as no question affecting the judgment is presented for our decision. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*