## Samuel C. Boehm and Max S. Boehm v. Gus Griebenow.

1. CONSTRUCTION OF CONTRACTS—*Whether a Sale or Consignment.*— The question of the real purpose of a transaction, whether to cover a sale under the guise of a consignment or whether a contract of bailment, are questions of law, to be determined by the court upon a construction of the entire arrangement proved to have been made.

2. PRESUMPTIONS—*Where No Propositions of Law Are Submitted.*— Where no propositions of law are submitted to the court for its holdings, by either party, it will be presumed that the court decided all questions of law arising in the case correctly.

3. CREDITORS—*Rights of, When Preferred.*—Where a party, by means of a contract, but without notice to the world, suffers the real ownership of chattels to be in himself, and the ostensible ownership to be in another, the law will postpone the rights of the real owner to those of the execution or attachment creditors of the ostensible owner.

**Replevin.**—Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. FRANK BAKER, Judge, presiding. Finding and judgment for defendant. Appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

MAHER & GILBERT, attorneys for appellants.

WILLIAM J. CANDLISH, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The plaintiffs, Samuel C. Boehm and Max S. Boehm, brought an action of replevin before a justice of the peace to recover a barrel of whisky from the defendant, Gus

Griebenow, a constable who had seized it by virtue of an execution against the goods and chattels of Robert H. Mc-Carthy.

There was a finding for the defendant and an appeal to the Circuit Court, where the cause was tried without a jury. The same finding was had there and judgment was rendered for the defendant.

Appellant's theory is that the goods were consigned for sale, and not sold to McCarthy, and hence not subject to seizure by creditors of the latter.

The evidence of the transaction by which McCarthy came into possession of the whisky, consists in the testimony of a sales agent of appellant, and that of McCarthy. The testimony of the former, as abstracted, is as follows:

"I told him (McCarthy) we would put in a barrel on these conditions: that he was to be at liberty to take whisky out of this barrel not to exceed three gallons at a time, and that he should lay aside the money for the three gallons whenever he withdrew it from the barrel; that the whisky was to be subject to my order and inspection at any time, I to have the privilege of inspecting it at least weekly and to get payment from him for any whisky withdrawn from the barrel since last examination. The barrel was not sold but consigned, and the title was to remain in the plaintiff except as to such whisky as would be withdrawn in three-gallon lots. Mr. McCarthy assented to this. I saw the barrel when it arrived; it contained forty-seven and fourteen one-hundredths gallons. The original seals were unbroken. It was branded with the name of the plaintiff. The value of the barrel at the time it was taken by Griebenow was $108.38. I only know that seven gallons was taken therefrom from hearsay. I saw the bill or memorandum rendered to McCarthy, by the plaintiff; it read as follows: Consigned to R. H. McCarthy, one barrel of whisky; forty-seven and fourteen one-hundredths gallons, at $2.70 equals $127.28. I am sure that it said consigned."

The substance of McCarthy's testimony was the same.

The question of the real purpose of such an arrangement,

whether to cover a sale under the guise of a consignment for sale, or whether it constituted a contract of bailment, were purely legal questions to be determined by the court upon a construction of the entire arrangement that was proved to have been made. Bastress v. Chickering, 18 Ill. App. 198; same case, 130 Ill. 206.

No propositions of law were submitted to the court for its holdings, by either party, and it must therefore be assumed that the court decided all questions of law arising in the case, correctly. Davies v. Phillips, 27 Ill. App. 387; Merrimac Paper Co. v. Illinois T. & S. Bank, 129 Ill. 296.

But, considering the question, we think the trial court decided correctly.

Where a party, " by means of contract, but without notice to the world, suffers the real ownership of chattels to be in himself, and the ostensible ownership to be in another, the law will postpone the rights of the former to those of the execution or attachment creditors of the latter. Chickering v. Bastress et al., *supra;* Lonergan v. Stewart, 55 Ill. 44.

The case at bar is clearly distinguishable from Rosencrantz & Weber Co. v. Hanchett, 30 Ill. App. 283.

That was the case of a delivery of goods to be sold on commission, the party in possession having no authority to sell for less than the invoice price. Here, McCarthy was at liberty to sell the whisky at any price he chose, the only restriction upon him being that he should pay for three gallons whenever he withdrew that much from the barrel. In other words, McCarthy might, in a single day, if he chose, sell the whole quantity in portions of less than three gallons at a time, for any price he could get, and pay for it when called upon—which is practically the same as a sale to him upon credit. Calling the transaction a consignment for sale will not change the real character of the transaction to be gathered from the whole understanding.

The judgment of the Circuit Court should be affirmed, and it is so ordered.