## Hercules Coal and Mining Co. v. Emory D. Frazer, Receiver, etc.

1. PRESUMPTIONS—*When No Propositions of Law Are Submitted.*— When no propositions of law are submitted to the court for its holdings, it will be presumed that the court decided correctly all questions of law arising in the case.

Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellant.

EMORY D. FRAZER and ARCHIBALD CATTELL, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was originally begun before a justice of the peace and from there appealed to the Circuit Court. It is now before us on appeal from a judgment there rendered in favor of the appellee, as receiver of the Spaulding Fuel Company.

The case was tried before the court without a jury. The

evidence consisted principally of facts embodied in an agreed stipulation, although some oral evidence was heard by the court to which no exception was preserved.

The following is the stipulation of facts entered into and signed by counsel for plaintiff and defendant, that was read in evidence :

" 1.   That the plaintiff was duly appointed receiver of the Spaulding Fuel Company, November 19, 1898, by order of the Circuit Court of the United States for the Northern District of Illinois.

2.   That at the time of the appointment of plaintiff as receiver there was due and owing to said Spaulding Fuel Company the sum of $68.56.

3.   That at the time of the appointment of the receiver the Spaulding Fuel Company and the defendant jointly occupied offices and yards at the corner of Thirty-seventh street and Stewart avenue, Chicago, and that the Spaulding Fuel Company was under a written lease with the defendant, whereby the Spaulding Fuel Company was to pay the defendant one-half of the rental of said premises, and one-half of the telephone charges up to and including April 30, 1899.

4.   That at the time said receiver was appointed said Spaulding Fuel Company had paid the rent due upon said lease up to December 1, 1898, and half the telephone charges up to January 1, 1899.

5.   That on June 23, 1899, the date the receiver commenced his action against the defendant, the said lease between the Spaulding Fuel Company and the defendant had expired, and under the terms of said lease there was a balance due from the Spaulding Fuel Company to the defendant for rent subsequent to December 1, 1898, of $179.17, which remains unpaid.

6.   That the defendant had a verbal notice of the appointment of the receiver within a week after said appointment.

7.   That on June 23, 1899, said receiver brought this suit before John K. Prindiville, to recover the amount due the Spaulding Fuel Company as above stated.

8.   That the defendant never had any notice as creditor to file its claim against said Spaulding Fuel Company in the receivership proceeding, and no claim was filed therein by the defendant.

9.   That on September 12, 1899, the receiver was, by order of the United States Circuit Court, authorized to sell

Hercules Coal & Mining Co v. Frazer.

the claim of said Spaulding Fuel Company against the defendant, and said claim was afterward, in pursuance of said order, duly sold to C. W. Campbell; and that afterward, on November 3, 1899, said receiver filed his final account in said court and was duly discharged.

11.   That the receiver, on or about November 25, 1898, gave written notice to the defendant that he had elected to discontinue the occupancy of the premises in question after December 1, 1898, and would withdraw from the same."

The only evidence heard, outside of that contained in the above written stipulation, was concerning consent for appellee to continue in occupancy of the premises, as before, for a week or ten days after December 1, 1898, and the terms upon which such consent was given.

The court, upon the conclusion of the testimony, found the issues in favor of the appellee, and gave him judgment against the appellant for $68.56.

The question of whether the claimed set-off for rent due appellant subsequent to December 1, 1898, should have been allowed, was one of law, upon which a proposition to be held as the law, by the Circuit Court, might have been properly asked, but no propositions of law to be held by the court were submitted by either side.    The rule in such a case is that it will be assumed that the court decided all questions of law arising in the case correctly.    Harrison v. Boetter, 88 Ill. App. 549; Boehm v. Griebenow, 78 Ill. App. 675; Conway v. G. C. P. Co., 90 Ill. App. 104, and cases cited in each, and Davies v. Phillips, 27 Ill. App. 387.

On the question that it was error to enter judgment in favor of appellee, it appearing that appellee had, pending the suit, sold the claim sued upon, and had closed his receivership and been discharged by the court appointing him, before judgment was rendered, we think error was committed in that respect, that could have been availed of if properly taken advantage of.    Congress Construction Company v. Farson and Libbey Company (No. 9706, filed March 18, 1902).    But we regard it as having been waived. It is raised for the first time in this court.    True, the case having been originally brought before a justice of the peace, where no written pleadings are required, either

before the justice or on appeal, nevertheless it should have been brought to the attention of the Circuit Court in some appropriate manner so it might have been ruled on, and, if adversely to appellee, opportunity allowed him to make correction.

It is an objection that does not go to the merits of the controversy, and the rule is well established that all such objections should be first made in the trial court.

There being no substantial error in the record, the judgment of the Circuit Court is affirmed.

Mr. Justice WATERMAN having tried the case below, does not participate.