## G. K. Barrere v. Frank Griffith.

1. APPELLATE COURT PRACTICE—*Where a Case is Tried Without a Jury and No Exceptions Are Preserved in Bill of Exceptions.*—Where a case is tried by the court, without a jury, and no exceptions are taken to the finding of the court or the rendering of judgment and preserved in a bill of exceptions, the finding and judgment can not be assigned for error.

2. SAME—*Where No Propositions of Law Are Submitted to Trial Court.*—Where, on a trial without a jury, no propositions of law in accordance with section 42 of the practice act are submitted to the trial court, no question is presented by the record upon which the Appellate Court can pass.

3. PRACTICE—*Motion for New Trial Not Essential Where Jury is Waived.*—A motion for a new trial, where a jury is waived, is not essential, and the fact that one was made in the case, does not operate as an exception to the judgment so as to present errors of law for review, where no propositions of law were submitted nor exception to the denial of the motion taken.

4. PRESUMPTIONS—*Where, on Trial Without a Jury, No Propositions of Law Are Submitted.*—Where, on a trial without a jury, no propositions of law are submitted, it will be presumed that the trial court decided all questions of law arising in the case, correctly.

Assumpsit.—Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

WARDEN BARRERE, attorney for appellant.

CHIPERFIELD & CHIPERFIELD, attorneys for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This case was commenced in justice's court by appellee against appellant, to recover a judgment for labor performed, and for merchandise furnished to appellant. He recovered judgment before the justice and defendant appealed to the City Court of Canton, where a trial was had before the court without a jury.

In the City Court, the appellant interposed a plea in abatement, by which he sought to bar recovery on the ground that the cause of action was based upon prom-

ises made by appellant to appellee and one William H. Sexton jointly. Said plea alleged that before suit was brought Sexton had died leaving a widow, and that no administration had been had on his estate, and that by reason thereof, the appellant had no right to maintain said suit. Issue was joined upon said plea, and a trial had, resulting in a judgment for the appellee for $50.40. This appeal is prosecuted for the purpose of reversing said judgment.

The appellant relies upon the following reasons, among others, for reversal :

First.   The court erred in refusing to render judgment for the defendant upon the plea in abatement.

Second.   The court rendered judgment against the defendant, over the preponderance of evidence, in the defendant's favor.

Third.   Because the evidence will not sustain the amount of the judgment.

Upon the trial before the City Court, there were no propositions of law submitted by appellant and the record fails to disclose that either in the bill of exceptions or in the record attached by the clerk of said court, are there any exceptions properly preserved to the ruling of the court in denying the motion for a new trial or in finding against the appellant on his plea in abatement, or to the judgment of the court.

In Firemen's Insurance Co. v. Peck, 126 Ill. 493, which was an action on the case, tried by the Circuit Court without a jury, it appears from the record that the bill of exceptions failed to show that appellant either excepted to the finding of the trial court, or made a motion for a new trial, or preserved an exception to the decision of the court overruling the same. In its opinion the court says :

" If a party desires to have the finding of the trial court on the evidence, and its refusal of a new trial considered by an appellate court, he must, by bill of exceptions, show the motion for a new trial, its refusal by the court and exceptions to the ruling. It is not sufficient that the transcript

of the record, as made by the clerk, shows such motion, its disposition and an exception."

In Cochran v. Village, 138 Ill. 295, which was an appeal from the judgment of the County Court, confirming a special assessment, the opinion of the court is, in part, as follows:

"Upon looking into the record, it appears that a jury was waived and a hearing had before the court. No motion was made for a new trial, nor was any exception preserved to the finding and judgment of the court. The decisions of this court are uniform, and the law may be regarded as well settled, that where a case is tried by the court, without a jury, and no exceptions are taken to the finding of the court or the rendering of judgment, and preserved in a bill of exceptions, the finding and judgment can not be assigned for error." Citing Martin v. Foulke, 114 Ill. 206; Ins. Co. v. Peck, *supra.*

In Bailey v. Smith, 168 Ill. 84, which was an ejectment suit tried before the court without a jury, it was urged as grounds for reversal that the trial court erred in finding the issues against the plaintiff and in favor of defendant; in rendering judgment against appellant and in favor of appellee; in finding the defendant not guilty; and in rendering judgment in his favor against plaintiff. In its opinion the court cites section 60 of the practice act (R. S. 1901, 1345), and then says:

"It is only a decision so excepted to, that can be assigned as error, and the exception can only be taken and preserved by means of a bill of exceptions. The errors here assigned question only the finding and judgment, and the record contains no exception to such finding or the judgment rendered, neither of which is so much as mentioned in the bill of exceptions." Citing Parsons v. Evans, 17 Ill. 238; Daniels v. Shields, 38 Ill. 197; James v. Dexter, 113 Id. 654; Martin v. Foulke, *supra;* Mfg. Co. v. Horton, 74 Id. 310; Bank v. LeMoyne, 127 Id. 253.

In Aden v. Road District, 197 Ill. 220, which was a writ of error sued out for the purpose of reversing a judgment of the Circuit Court, where the cause was tried before a judge without a jury, after reciting that the record disclosed that no exceptions were taken to the findings of the

court, or to the rendering of the judgment, that "not even a motion for a new trial was made," and that no propositions of law were recited in the bill of exceptions nor any rulings thereon, says:

"None of these matters or exceptions are incorporated in the bill of exceptions. They could only become a part of the record by being so incorporated. The clerk's recitals in that respect are of no legal effect. This court has decided in a number of cases that, where a cause is by agreement tried by the court, without the intervention of a jury, and no exceptions are taken to the finding of the court or the judgment thereon, error can not be assigned on such finding and judgment in the Supreme Court; and it is not sufficient that the clerk recites upon the record that exceptions were taken to the judgment; such exceptions should appear in the bill of exceptions." Citing Gould v. Howe, 127 Ill. 251; Mayor, etc., v. Briggs, 194 Id. 435.

A motion for a new trial, where a jury is waived, is not essential (Sands v. Kagey, 150 Ill. 109; Ins. Co. v. Crosby, 172 Ill. 335; Dickinson v. Gray, 72 Ill. App. 55; Stern v. Glattstein, 80 Ill. App. 367), and the fact that one was made in the case, does not operate as an exception to the judgment so as to present errors of law for review, in view of the further fact that no propositions of law were submitted or exception to the denial of the motion taken. Ins. Co. v. Crosby, 172 Ill. 335.

Where no propositions of law in accordance with section 42 of the practice act, are submitted to the trial court, no question is presented by the record upon which the Appellate Court can pass. (Harrison v. Boetter, 88 Ill. App. 550; Boehm v. Griebenow, 78 Ill. App. 675; Conway v. G. C. P. Co., 90 Ill. App. 104; Davies v. Phillips, 27 Ill. App. 387; Mining Co. v. Frazer, 102 Ill. App. 307.) The rule is, that in such case it is assumed that the trial court decided all questions of law arising in the case correctly. Mining Co. v. Frazer, *supra*.

There being no questions, either of law or fact, properly preserved by exception, upon this record, the judgment of the Circuit Court will be affirmed.