Illinois Central Railroad Company v. James McMillan, et al., partners, etc.

1. QUESTIONS OF LAW—*when, presumed to have been correctly decided.* Where a case is tried without a jury and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided.

2. ERRORS—*when, deemed waived.* Errors, though assigned, are deemed to have been waived unless relied upon and argued in the brief of the complaining party.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904. Rehearing denied August 25, 1904.

Kramer, Kramer & Shaeffer, for appellant; John G. Drennan, of counsel.

Dan McGlynn, for appellees.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was a suit commenced before a justice of the peace, by appellees against appellant, to recover for injuries to a horse, while being transported from Hayworth Station to East St. Louis, over appellant's railroad. The case was tried in the justice court and appealed to the City Court of East St. Louis. Upon the trial in the City Court a jury was duly impaneled and the trial progressed in the usual way of jury trials until the evidence was all produced. At the close of all the evidence, by agreement, the jury was discharged and the case submitted to the court, " to be tried by the court upon the evidence heard." The court found the issues for appellees, assessed their damages at $125, and rendered judgment in their favor on the findings.

On June 10, 1901, appellees shipped on appellant's railroad a mixed carload of horses and mules from Hayworth Station to the National Stock Yards, East St. Louis, a distance of about one hundred and fifty miles. The usual shipper's " live stock contract " was executed, delivered and accepted. The contract contained among many other provisions, one to the effect that the value of each horse or mule should not exceed $100, and another to the effect that no claim for damages should be valid unless made in writing, verified by affidavit, within ten days from the time of removing the stock from the car. The horses and mules were loaded in the car and left Hayworth about 12 o'clock M., June 10, and reached the National Stock Yards at 8:20 A. M., the next day. They were *en route* about twenty hours. When loaded the animals were all in good condition. When they reached their destination several of them were injured; one had an eye injured, one was injured on the ankle, one on the knee, and one had both eyes mashed

out, its mouth mashed and its skull fractured, and others were slightly injured.

Appellees declined to accept the horses in the condition in which they arrived at the National Stock Yards, and called the attention of Sherman Downs, appellant's live stock agent at that place, to their condition, and told him they could not take the horses. Downs told appellees to take them all but the one that was so badly injured, and they should lose nothing by doing so, and he brought a man whom he represented as appellant's claim agent, to examine the horses. After this agent had examined them, he referred appellees to Mr. Downs. Appellees, relying upon the statement of Mr. Downs, took away all the animals but the one, leaving that one in the possession of appellant. It was so injured as to be worse than worthless, and was killed under the direction of Dr. King, the veterinary surgeon at the National Stock Yards. The evidence shows that this horse was worth at least $125, the amount of the judgment.

Appellant's counsel rely mainly upon the failure of appellees to present a verified claim in writing within ten days, and upon the provision in the shipping contract limiting the liability to $100 for each animal, and to the further fact that there is no evidence as to the amount of the damage to any of the horses, except the one that was killed.

Appellees' counsel tried the case upon the theory that by the arrangement appellees had made with Downs, appellant's live stock agent, and with its claim agent, and by the fact that by their acceptance of the other horses they had waived their right to all damages, except for the one horse, and that as to that horse they were to lose nothing, were by arrangement to have its full value.

At this point in the case it must be borne in mind that the case was tried by the court without a jury, and it must be noted that no "written propositions" were submitted to the court " to be held as law in the decision of the case," nor was any question of either law or fact raised in the trial court by any subsequent motion, or otherwise. "Where

a cause is tried without a jury, and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided." Supreme Council American Legion of Honor v. Stewart, 106 Ill. App. 605; Davies v. Phillips, 27 Ill. App. 387. "Where the trial is by the court without a jury, no question of law properly arises on appeal unless propositions of law have been submitted to the trial court." Allison v. Leslie, 40 Ill. App. 441; Boehm v. Griebenow, 78 Ill. App. 675; Smith v. Billings, 169 Ill. 294.

Exceptions are noted in the abstract to certain rulings of the trial court as to the admission and rejection of evidence, and errors are assigned thereon upon the record, but nowhere in the brief or argument are they referred to. It is necessary that a party go further than to note exceptions and assign error upon the record. He must in his brief point out and discuss the errors relied upon. If he does not do so, the errors will be deemed abandoned. " A claim that the trial court erred in admitting and excluding testimony cannot be considered, where the party objecting does not indicate what the supposed errors are, or suggest wherein any error was committed." Brewer & Hoffman Brewing Co. v. Boddie, 162 Ill. 346; Strodtmann v. County of Menard, 158 Ill. 155; Butler v. Connell, 148 Ill. 276; Chicago City Ry. Co. v. Van Vleck, 143 Ill. 480. " All errors assigned upon the record by an appellant, but not noticed in his brief and argument, are waived and abandoned." Illinois Cyclopedic Digest, vol. 1, page 411, col. 2.

We are of opinion that the evidence is sufficient to warrant us in sustaining the trial court in its findings and judgment, and further, that by the judgment of the trial court substantial justice has been done between the parties.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*