Catherine Boening, Appellee, v. North American Union, Appellant.

Gen. No. 14,989.

1. APPEALS AND ERRORS—*when questions of law not preserved.* In cases tried by the court without a jury if no propositions of law are submitted and no questions of law or fact raised on the trial by motion or otherwise except as to rulings on evidence, there is nothing for the Appellate Court to consider but the propriety of such rulings and the presumption will be indulged that all questions of law otherwise were correctly decided.

2. APPEALS AND ERRORS—*when question of waiver not considered.* If the facts constituting the waiver are undisputed the question of waiver is one of law and if the record does not preserve questions of law for review such question of waiver will be presumed to have been correctly decided.

3. APPEALS AND ERRORS—*when objection to ad damnum comes too late.* An objection in the Appellate Court for the first time that the amount of the judgment exceeds the *ad damnum* in the declaration, is too late.

4. EVIDENCE—*when improper will not reverse.* On a trial by the court without a jury if improper evidence is admitted it will not be presumed that it misled the court.

5. EVIDENCE—*competency of postal cards.* The contents of a postal card duly sent by mail is competent without proof of the affixing of a stamp.

6. INTEREST—*upon benefit certificate.* Interest is properly allowed upon money found to be due under a benefit certificate in a fraternal organization from the time that liability thereon becomes fixed.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed May 3, 1910.

**Statement by the Court.** The plaintiff brought this action to recover as beneficiary $1,000 on a certificate issued February 23, 1904, to her son, George C. Boening, by a society known as the American Fraternal League. This society was on May 2, 1904, absorbed by and merged into the defendant, North American Union, appellant. Shortly after the merger, the defendant notified by letter all the members of the lodge of the

American Fraternal League, of which Boening was a member, that the consolidation had taken place.. In the letter was enclosed a certificate of membership. This was called "a certificate of transfer and re-insurance." The letter directed each member of the lodge to attach the new certificate of transfer to the old certificate as a "rider." The letter also directed the members to "continue complying with financial requirements."

Boening died June 12, 1904, and it was stipulated on the trial that defendant received proper proofs of death in conformity with its by-laws.

The following facts proved by the plaintiff were not controverted on the trial. At the time of the consolidation of the societies in May, 1904, there was in force a by-law of the American Fraternal League which provided that all "dues shall become due on the first day of the month and be payable on or before the last day of the month and any member who has failed to pay all or any of said payments on or before the last day of the current month shall stand suspended by operation of law without notice." This by-law was treated as in force by the appellant in its dealings with its members after the consolidation.

Other by-laws of the defendant provided that in the event a member thus became suspended for non-payment of dues, in order to be reinstated it was necessary for him to pay his dues on or before the 15th day of the month in which suspension occurred, pay all back dues, and also file with its collector a statement of good health, and then upon his reinstatement the collector must immediately notify defendant's general manager and file with him such statement, and notify the secretary of his council.

On June 2, 1904, Boening was two months in arrears in payment of his dues for the preceding months of April and May. He stood suspended by operation of the by-laws above stated. On that day defendant's collector informed defendant's Supreme Secretary by

mail that Boening and several other members of the lodge were delinquent and stood suspended for non-payment of dues. June 6, 1904, Boening through his brother, paid his back dues for April and May, and the payments were endorsed on his pay card by Crompton, defendant's collector. Boening was then sick, but this fact was not known to Crompton. Crompton on the same day mailed a postal card to Pickett, defendant's secretary, informing him that Boening on that day had been reinstated. Crompton paid over to the financier of the defendant the money received by him, and the defendant still retains the money.

Boening's sickness developed into pneumonia, and he died on June 12, 1904.

A jury was waived and the cause was submitted to the court for trial. The court found for the plaintiff and entered judgment against the defendant for the amount of the certificate and interest thereon, $1,175. The defendant excepted to the judgment, and prosecutes this appeal to reverse it.

R. E. HAMILTON, for appellant.

JOHN R. PHILP and W. S. JOHNSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The case was tried by the court without a jury, and no "written propositions" were submitted to the court "to be held as law in the decision of the case;" nor was any question of either law or fact raised on the trial by motion or otherwise, except as to rulings on evidence. "Where a case is tried without a jury and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided." Davies v. Phillips, 27 Ill. App. 387; Boehm v. Griebenow, 78 Ill. App. 675; Overbeck v. Ahlmeier, 106 Ill. App. 605.

The theory of plaintiff's case is that the acceptance

of Boening's back dues by the defendant after he was suspended as a member, and with full knowledge that he was declared reinstated by his lodge, and the retention by the defendant of such back dues up to the time of the trial was a waiver by the defendant of the default and suspension and of the right to declare a forfeiture.    There is in the record no substantial controversy in the facts upon which this contention is made. In Conductors Benefit Ass'n v. Tucker, 157 Ill. 194, it was held at page 201 of the opinion: "What acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society cannot be definitely stated, but conduct on the part of the society, which amounts to a recognition of a member's claim to the continuing rights of membership, will relieve him from the consequences of his default.    The receipt of assessments after default in payment is a common form of waiver.    The question of waiver is in most cases a question of fact for the jury."    See also Jones v. Supreme Lodge K. of H., 236 Ill. 113. . If in this case the question of waiver be a question of fact, that question was settled by the finding of the trial court, for the finding is not manifestly against the weight of the evidence.    There is evidence in the record tending to support the finding of waiver by the defendant, and upon which the court might reasonably so find.    If, on the other hand, it is a question of law in this case, the question is not preserved in the record under the authorities cited above.    We are of the opinion that the facts as to the waiver being undisputed in this record, it is a question of law; and that the presumption must be here indulged that it was correctly decided.

Various errors of the trial court in its rulings on evidence are urged as grounds of reversal.

In the first place, on a trial by a court without a jury, if improper evidence is admitted, it will not be presumed that it misled the court.    We will not presume that the court considers immaterial or improper evidence in reaching its decision.    Merchants' Despatch

T. Co. v. Joesting *et al.*, 89 Ill. 152; Mallers v. Crane Co., 92 Ill. App. 514. If, however, there is no material or competent evidence on the issues before the court, or if the propositions of law held or refused, or the rulings of the court on motions show that the finding and judgment of the court must have been based necessarily upon immaterial or improper evidence, it then becomes the duty of this court to consider the rulings and decisions of the court on the evidence. This record does not show that the court considered or based its finding and judgment upon immaterial or improper evidence. This consideration makes it unnecessary to consider many of the alleged errors in rulings referred to in argument.

We find no material error in the admission of the letter from the defendant to George C. Boening dated May 6, 1904.

The court did not err in overruling the objection of incompetency and irrelevancy to the question put to the collector of the defendant, Crompton: "State whether or not those were all the dues and assessments that were due from him (Boening) to the North American Union at the time those dues were paid?"

We think the court properly admitted evidence of the contents of the postal card sent by mail to the secretary of defendant. It was shown that the witness deposited the postal card in a United States mail box, and if it was a postal card it needed no stamp placed upon it.

The trial court did not err in adding interest to the amount of the certificate and including it in its judgment. Grand Lodge B. of L. F. v. Orrell, 206 Ill. 208.

Appellant objects here for the first time that the amount of the judgment exceeds the *ad damnum* in the declaration. This objection comes too late. Grand Lodge A. O. U. W. v. Bagley, 164 Ill. 340.

The judgment of the Circuit Court is affirmed.

*Affirmed.*