Albert S. Hudson, Appellee, v. Yeomen of America, Appellant.

1. APPEALS AND ERRORS—*presumption*. Where a case is tried without a jury and no written propositions of law are submitted to the court and no complaint is made concerning rulings on the

admission of evidence, it is presumed that all questions of law were correctly decided.

2. APPEALS AND ERRORS—*validity of contract of employment.* In an action for damages resulting from appellee's discharge, appellant cannot question the validity of the contract of employment where it is not raised by any assignment of error.

3. DAMAGES—*mitigation.* In an action by an employee for wrongful discharge, where the employer seeks to mitigate damages, he has the burden of proving what the employee earned or might have earned.

Appeal from the Circuit Court of Sangamon county; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

FRED B. SILSBEE and GEORGE M. MORGAN, for appellant.

BARBER & BARBER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Albert S. Hudson was employed by the Yeomen of America, a fraternal beneficiary society, under a written contract to work from January 1, 1909, to December 31, 1909, for the society under the direction of W. O. Guyton, district deputy of the society, and to perform such other duties as may be required of him by the National Executive Board of the society, at the salary of one hundred dollars per month. The society in order to curtail expenses discharged Hudson from July 1st to September 20th, when he again resumed work for the society. After the expiration of the contract he brought suit to recover damages resulting from his discharge.

The case was heard by the court without a jury and a judgment rendered in favor of plaintiff for $275. The defendant appeals.

No propositions of law were submitted to the court by either party and there is no question raised by any assignment of error concerning the admission of evidence. Where a case is tried without a jury and no

written propositions are submitted to be held as the law by the court, and no complaint is made concerning rulings on the admission of evidence, it will be presumed that all questions of law were correctly decided. Jacobson v. Liverpool & L. & G. Ins. Co., 231 Ill. 61; Boening v. North American Union, 155 Ill. App. 528.

Appellant insists the contract of employment was void. That is a question of law that is not raised in the case by any assignment of error on the admission of evidence or propositions of law submitted to be held by the court.

It is also claimed that the court should have deducted from the salary of the plaintiff during the time he was discharged, such sum as the plaintiff might by reasonable diligence have earned elsewhere. In order to mitigate damages for the wrongful discharge of an employee the employer has the burden of proving what the employee earned or might have earned (Kelly v. Louisville & N. R. Co., 49 Ill. App. 304; School Directors v. Orr, 88 Ill. App. 648), but appellant offered no evidence on that subject.

This court cannot interfere with the judgment of the trial court on a question of fact unless the judgment is manifestly against the weight of the evidence. The evidence sustains the judgment; it is therefore affirmed.

*Affirmed.*